## E. BISHOP v. STATE.

No. A-1952. Opinion Filed April 12, 1913.

(130 Pac. 1173.)

1. **APPEAL—Sufficiency of Evidence.** Where there is any evidence from which the jury could legitimately conclude that the defendant is guilty, a verdict will not be disturbed upon the ground that it is contrary to the evidence.

2. **INTOXICATING LIQUORS—Illegal Sale—Internal Revenue License.** Where a person applies for and obtains a United States internal revenue license to engage in the business of a retail liquor dealer at a given place, and thereby secures immunity from prosecution by the United States on account of such sales, he cannot be heard to say, when prosecuted in a state court for violating its prohibitory liquor law, that he had no connection with the sale of such liquor at such place.

(Syllabus by the Court.)

*Appeal from Garfield County Court;*
*Winfield Scott, Judge.*

E. Bishop was convicted of maintaining a place for the sale of intoxicating liquors, and appeals. Affirmed.

*A. J. Jones,* for appellant.
*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J.   Appellant, E. Bishop, and one Ollie Osten-
dorf were jointly prosecuted by information, charged with the
offense of keeping and maintaining a place, during the month
of August, 1912, in the city of Enid, where spirituous, vinous,
and malt liquors were kept with intent to sell the same.   A sev-
erance was requested, and appellant was placed first upon
trial and was convicted, and his punishment assessed at a fine
of $500 and six months' confinement in the county jail.

But one question is presented upon appeal, and that is that
the verdict is contrary to the evidence.   The testimony is con-
clusive that the place in question, alleged to have been kept by
appellant and Ostendorf, was maintained and kept for the pur-
pose of selling intoxicating liquors.   The contention of appel-
lant is that it was not shown that he had any connection there-
with.   It is true that no witness testified that he ever saw. the
appellant at this place, but the state introduced a certified copy
of the records of the United States internal revenue collector,
showing that a United States internal revenue license was is-
sued to E. Bishop, authorizing him to conduct the business of
retail liquor dealer at the place and during the time named in
the information.

Under the United States law (section 3233, Revised Stat-
utes [U. S. Comp. St. 1901, p. 2091]), before the revenue col-
lector issues a license, the person to whom it is issued must
register with the collector his name, place of busiess, and, in
case of a firm, the names of the several persons constituting the
firm.   We therefore have the right to assume that E. Bishop
complied with this statute prior to the issuance of a license to
him.

Under the United States law (section 3241, Revised Stat-
utes [U. S. Comp. St. 1901, p. 2094]), when a person who
has paid for the license desires to transfer the location of his
business, he may do so; but before changing the location he
must make a new registration with the collector showing the

change. When this is done, the internal revenue collector's office makes a record of this tranfer.

The certificate of the internal revenue collector in this case is dated January 28, 1913, and does not show any transfer under the license mentioned therein. But it is contended that there is no proof that appellant is the same person as E. Bishop to whom the license was issued. In the motion for a change of venue it was stated that the name of appellant was Edward B. Bishop. From this it is claimed that there is a variance between the name mentioned in the information and in the license and that of appellant. If the name of appellant had been improperly stated in the information, he might have had his true name entered of record. But he went to trial without objection under the name of E. Bishop, and it is too late now for him to claim that there is a failure of evidence in this respect. The law takes no notice of middle names, and if appellant applied for and received the license as E. Bishop he cannot be heard to complain that it was not issued in the name of Edward Bishop.

Appellant offered no evidence at all in his behalf, and did not try to explain any testimony for the state. If, as a matter of fact, the appellant was not the party mentioned in the certificate, it would have been a very easy matter for him to prove this fact. It was not necessary for the state to prove that appellant was present when the liquor was sold. It was enough for the state to prove that he had obtained a license to conduct this business, and that under said license sales occurred thereon. All persons concerned in the commission of an offense are guilty as principals, whether they are present at its commission or not.

We think the evidence sufficient to sustain the verdict. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.