## A. ECCLESTON v. STATE.

No. A-2220.   Opinion Filed November 2, 1915.

(152 Pac. 337.)

1.   **PRESENTATION BELOW**—Instruction.   Instructions given by the court and not excepted to by the defendant at the trial or before the trial court will not be reviewed on appeal, unless fundamental error is apparent.

2.   **APPEAL**—Decision.   Where after an examination of the entire record it appears that the defendant has had a fair and impartial trial, and that no material error has been committed by the trial court, and the verdict seems to be amply sustained by the evidence, this court will not disturb the verdict or judgment of the trial court.

*Appeal from District Court, Washington County;*
*R. H. Hudson, Judge.*

A. Eccleston, convicted of grand larceny, appeals.   Affirmed.

*P. A. Sompayrac,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, A. Eccleston, W. M. Kaufman, and Ernest Branning were jointly charged with the larceny of eight joints of casing of the value of eighty dollars, the property of W. H. Bryon.   On his separate trial plaintiff in error was found guilty and his punishment fixed at imprisonment in the penitentiary for the term of two years.   From the judgment rendered in pursuance of the verdict he appealed by filing in this court on March 26, 1914, a petition in error with case-made.

The evidence shows that W. H. Bryon missed eight joints of new casing from his oil lease southeast of Bartlesville; that he noticed where a wagon drove up to the casing pile and where two men had walked around there and rolled the casing on to the wagon.   It had rained enough that night to lay the dust and Mr.

Bryon with Mr. Petrell, who worked for him tracked the wagon to Bartlesville, where they located the casing in a box car near the Bartlesville Salvage Co.'s place. The owners of the salvage company identified the team and wagon that brought the casing to their place as that of plaintiff in error, Eccleston, who with two men named Kaufman and Branning came to their place early in the morning and offered the casing for sale and they bought it for thirty-two dollars, giving the check to plaintiff in error who indorsed the check and cashed it at the First National bank.

The evidence of the defendant and his young son, about twelve years of age was to the effect that on the night of the theft plaintiff in error slept at home and that early the next morning Branning came to his house and told him he wanted him to go to the Bartlesville Salvage Co., and collect a check for him; that he had sold the Salvage Co. some casing; that Branning owed plaintiff in error some fourteen dollars and wanted to pay it; that plaintiff in error walked with him to the Bartlesville Salvage Co., and just before they reached there they were joined by Kaufman. That Branning was engaged in buying and selling junk and had frequently hired his team and wagon.

Counsel for plaintiff in error in his brief states that he has abandoned the assignments of error set forth in his petition and further states that: "He now relies upon the following specification of error, which though not mentioned in his petition in error, he believes of sufficient importance to authorize a reversal of the case in view of the weakness of the state's case. The court erred in defining a 'reasonable doubt.' "

There was no specific or general objection made or exception taken to any of the instructions given by the court.

In *Williams* v. *The State,* 12th Okla. Cr. — 151 Pac. 900, it is said:

"Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done that we are permitted to reverse a conviction, whether or not an exception was taken in the trial court."

Upon a careful consideration of the whole case we are of the opinion that the verdict was warranted by the evidence and that the defendant had a fair trial. The judgment appealed from will therefore be affirmed.

FURMAN and ARMSTRONG, JJ., concur.