## FRANK SOPER v. STATE.

No. A-3472.   Opinion Filed Oct. 8, 1921.
Rehearing Denied Sept. 23, 1922.
(208 Pac. 1044.)

(Syllabus.)

1. **New Trial—Witnesses—Defendant's Privilege not to Testify and Immunity from Comment by Counsel—Waiver.** The Constitution provides that no defendant in a criminal case without his consent may be compelled to testify against himself, and by statute a failure of a defendant to testify creates no presumption against him, and a failure to testify, if commented upon by counsel, shall be grounds for a new trial. These are constitutional and statutory privileges for the benefit of the accused which may be waived by him.

2. **Same—Waiver by Defendant's Counsel Inviting Discussion.** Where the defendant's attorney in his argument to the jury first mentions the subject and attempts to explain why the defendant did not take the stand in his own behalf, to that extent the defendant waives his constitutional and statutory right protecting him from comment upon his failure to testify. Where such discussion is invited by defendant or his counsel, the defendant has no cause of complaint.

3. **Trial—Perjury—Instructions on Reasonable Doubt Approved— Defendant's Testimony in Former Trial Must Have Been Material and Question is for Jury—Instruction that Facts Shown by Appearance Docket Might be Considered as Proved Held Harmless.** Instructions to the jury upon reasonable doubt, the materiality of testimony given at a former trial, upon which the charge of perjury is predicated, and concerning the knowledge of the defendant of the falsity of the testimony given examined, and, under the circumstances here, held sufficient.

Appeal 'from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.,

Frank Soper was convicted of perjury and his punishment fixed at five years in the state penitentiary, and he appeals. Affirmed.

Giddings & Giddings, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J. Frank Soper, plaintiff in error, for convenience hereinafter called the defendant, was on the 12th day of April, 1918, convicted of the crime of perjury, committed on the 13th day of December, 1917; said perjury charge being based upon the testimony given by him in the county court of Oklahoma county in an action in which the defendant was charged with the illegal transportation of intoxicating liquor.

The information in the perjury case charged that the defendant Soper was a witness in his own behalf in the action tried in the county court, and that he falsely stated under oath that he did not have a certain yellow suit case which was then on exhibition in said courtroom, or any other suit case in which was contained intoxicating liquor, and that he did not carry this suit case, or any suit case, to the place where is was alleged to have been found.

On the trial of the perjury charge, a number of witnesses testified that the defendant drove in an automobile to the place where the suit case was found, being No. 214 W. Washington street, Oklahoma City, and that he carried the suit case into the residence at that number and was there apprehended and arrested with the suit case in his hand.

The first assignment of error urged by the defendant is that the county attorney made improper and prejudicial re-

marks; in his opening argument to the jury, calling the jury's attention to the fact that the defendant did not testify in his own behalf, in the action wherein he was charged with perjury and that the county attorney again commented upon such fact in his closing argument to the jury. This complaint, in the manner stated, is not borne out by the record:

"Statement by Mr. Morgan: As I was saying, gentlemen of the jury, this defendant in the court below was charged with bootlegging, which is comparatively a small crime as compared with perjury. In that case, gentlemen, there is evidence that I have read to you which shows that he went to some trouble, by calling up the place where Allison Shadrick had stayed or said that he knew of him, to come down there and testify to it in that case, to wit, in that case in the county court. He found that he was out of town. Now, then, he did not have him in that case to testify, apparently, as shown by his record, the testimony on the stand. Now, why then didn't he bring him here in this case?

"By Mr. Snyder: We object to this argument as incompetent and prejudicial, and move the court to instruct the jury not to consider it.

"By the Court: Overruled.

"By Mr. Snyder: Exceptions.

"By Mr. Morgan (continuing): I say, why didn't he bring him in here in this case? He is a friend of his. He got into that automobile, according to Frank Soper's testimony, just to ride around awhile with him that night. If there is any witness who knows all about it besides Frank Soper, if there is any witness who knows whether or not that suit case was in that car that night, if there is any witness who knows that besides the witnesses who have been here, besides the witnesses in that house, it surely is Allison Shadrick. He was not called to testify in this case. Why? I don't know. To my mind he would be one of the best witnesses for the defendant in this case that one could ask for. And the best witness for Frank Soper in this case, because Allison Shadrick was with him before he got there. He knows who took the suit case out

of the car. He knows who carried it in. He walked in right behind Frank Soper or right ahead of him or right beside him, going into 214 West Washington. That is what Frank Soper says here. I want them to explain why they did not bring Allison Shadrick in to testify in his behalf. Here is what he said: 'When you and Shadrick walked in the house, who was there? A. We walked in there together.' "

Then the record shows that the county attorney proceeded to read portions of the testimony of the defendant given in his own behalf in the case in the county court. It seems to be the contention of the defendant here that the expression of the county attorney, "If there is any witness who knows that besides the witnesses who have been here, besides the witnesses in that house, it surely is Allison Shadrick. To my mind he would be one of the best witnesses for the defendant in this case that one could ask for. And the best witness for Frank Soper in this case, because Allison Shadrick was with him before he got there. He knows who took the suit case out of the car, he knows who carried it in"—related to the case then on trial. As we read this record, there was no reference or attempted reference to the failure of the defendant to testify in the perjury cause then on trial. Under the circumstances, the county attorney had a right to comment upon the absence of Allison Shadrick, under the doctrine laid down in the case of Crump v. State, 7 Okla. Cr. 538, 124 Pac. 632.

"Where the record shows that a defendant upon trial has access to or control of testimony, which if true, would be beneficial to him, and he fails to produce such testimony or to account for its nonproduction, such failure is a proper subject for argument on the part of the prosecution, and if inferences unfavorable to the defendant arise from such nonproduction, the defendant has no one but himself to blame."

The first reference made to the fact that the defendant did not testify in the perjury case was made by the defend-

ant's own attorney, at the beginning of his argument to the jury, as follows:

"Now, gentlemen, we did not put the defendant on the stand for the reason that he would have testified to the same things as introduced. What was the use of taking up your time and the time of the court?"

Touching upon the subject of the defendant's failure to take the stand, the court admonished the county attorney during the course of his closing argument as follows:

"You will be careful not to make your argument any broader than a reply to counsel's statement, counsel for the defendant having touched upon the subject of the defendant's failure to take the stand."

After this admonition follows the comment of the county attorney complained of, as follows:

"By Mr. Callihan: I will go over again what I said awhile ago, when they made the objection, so that they may have it in the record. As counsel for the defendant has undertaken to explain to you why they did not put Soper on the stand, I take it that in reply to that argument I should be allowed, and I believe the court will permit me to draw my conclusions as to why he did not take the stand, and that is, as I have stated before, that had he taken the stand he would have been subjected to a cross-examination, he would have been subject to the rules laid down by the law with reference to the attack upon his reputation for truth and veracity, the same as any other witness here."

From this analysis of the record it clearly appears that the error complained of was invited by defendant's counsel.

Section 5881, R. L. 1910, is as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate of this state, the person charged

shall at his own request, but not otherwise, be a competent witness and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial.''

By the provisions of this section of the statutes a defendant may not be compelled to testify in his own behalf, and the fact that he does not so testify is not to be mentioned nor commented upon by counsel. This, however, is a privilege that may be waived by the defendant. He may waive it by taking the stand, and when he does submit himself as a witness he may be subjected to cross-examination, as any other witness. If the defendant himself can waive this privilege, he may do so through his counsel. A party may waive any provision of either the Constitution or the statutes, intended for his benefit. Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735; State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; Hill v. State, 9 Okla. Cr. 629, 132 Pac. 950; Spradling v. Spradling, 74 Okla. 276, 181 Pac. 152.

It would be unreasonable to contend that counsel for the defendant might comment upon the fact that his client did not take the stand in his own behalf and give seemingly plausible and sufficient reasons therefor, and then assert that the opposing counsel would have no right to question or comment upon the reasons given. If that were the rule, it would enable every defendant, at his pleasure, to inject reversible error into his case, or to assert good and sufficient excuses for not testifying and close the mouth of the prosecuting attorney from controverting in any way the reasons given by defendant's counsel or making any comment upon the reasons given.

It has been held in a number of cases that a defendant has no cause to complain on account of remarks made by the county attorney when such remarks were provoked or invited

by the defendant or his counsel. In the case of Wood v. State, 4 Okla. Cr. 436, 112 Pac. 11, 45 L. R. A. (N. S.) 673, the county attorney in his argument to the jury used the following language:

"The reason I asked Pete Mullens if Ed Thompson hadn't had to hold him to keep him from shooting Wash Barnes on one occasion in Savannah, was because I had been informed that he had said that by what I regard as reliable parties."

The defendant objected to the remarks of the county attorney and moved the court to exclude them from the jury, which motion was overruled by the court and an exception allowed. In this case it seems that this remark was made in reply to a statement made by defendant's counsel, challenging the county attorney to state why he did not put Thompson on the stand. The county attorney's remarks were in reply to defendant's insinuation or accusation of unfairness. It was held that, since the defendant's counsel provoked the controversy and challenged the county attorney to make the explanation to the jury, the defendant was in no condition to complain.

In the case of Eakins v. State, 7 Okla. Cr. 353, 123 Pac. 1035, the court said:

"Counsel for the defendant cannot provoke the argument, and by his own misconduct bring error into the record, and then take advantage of it." Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Carter v. State, 6 Okla. Cr. 232, 118 Pac. 264.

The defendant contends that instruction No. 10, given by the court as follows, is erroneous:

"You are instructed that the appearance docket of the county court of Oklahoma county has been introduced in evidence in this cause, and that it has been shown by said appearance docket that the county court of Oklahoma county,

state of Oklahoma, was in lawful session on the 13th day of December, 1917; that the information upon which the defendant Frank Soper was being tried in said county court on said 13th day of December, 1917, was duly filed in said court; that the defendant Frank Soper was duly arraigned in said county court, and that he entered his plea of not guilty to the charge in said information contained; and that these facts may be taken by the jury as having been proved beyond a reasonable doubt.''

We do not, under the circumstances, give this instruction our unqualified approval, but think the instruction as given by the court was harmless. It was not claimed that the county court was not in session and that the information had not been filed, or that the defendant was not on trial for the offense charged. We think, under such circumstances, that these questions, when established by the record, were really questions of law for the court. 23 R. C. L. 158, ''Judicial Records.''

Whether these questions were mixed questions of law and fact, or questions of law only, the defendant could not have been prejudiced by their submission to the jury in the language used in this instruction. A defendant will not be heard to complain of an alleged error that is immaterial and could not have operated to his disadvantage.

The defendant next complains of instruction No. 11. The court told the jury in this instruction that the testimony given by the defendant in the trial in the county court, as established in the trial for perjury, was material. In order to lay a foundation for perjury, it was necessary for the state to prove that the defendant swore falsely to a material fact. This was a question of law for the court, and the court very properly instructed the jury that this testimony was material. Coleman v. State, 6 Okla. Cr. 252, 118 Pac. 594; 2 Bishop, New Criminal Law, § 1039.

It is next contended that the court erred in instructing the jury upon the question of reasonable doubt. The term "reasonable doubt" is to large extent self-explanatory and easily understood by the average juror. The best definitions of "reasonable doubt" are often more confusing and more difficult of comprehension by the average juror than the simple term itself. The giving of instructions on reasonable doubt is therefore not encouraged. By the instruction given in this case the court told the jury that a reasonable doubt meant a real, substantial doubt existing in the minds of the jury after a fair consideration of all the testimony, and was such a doubt as would cause a reasonable and prudent man to hesitate before acting in matters of grave importance to himself; that the law did not require the prosecution to prove the guilt of the defendant to an absolute certainty, but did require it to be proved to a moral certainty; and that, after considering all the testimony, if the jury were morally sure of the guilt of the defendant, there would be no reasonable doubt, and it would be their duty to convict him—otherwise, to acquit him. This instruction seems to have been copied verbatim from the case of Chandler v. State, 3 Okla. Cr. 254, 105 Pac. 377, 107 Pac. 735, in which case this instruction was approved by this court.

It is contended further that the court erred in refusing to give an instruction, instruction No. 3 offered by the defendant, to the effect that the falsity of the statement must be known to the witness when he testified and that he must testify to the same willfully and corruptly. This requested instruction was fully covered by instructions No. 5 and No. 12, given by the court.

The defendant contends that the appearance docket of the county court was improperly introduced as evidence in this case, for the reason that it was not shown that the entries made were made by the clerk or some of his deputies,

and that the correctness thereof was not established. The county court is a court of record, and the records of that court may be identified by the legal custodian of the records and so introduced as proof in another court, and it is not necessary to show who made the record or entries. Unless controverted, the presumption is conclusive that such entries were properly made by a person authorized to make them and were correctly made.

It is next contended that the evidence was insufficient to show that the defendant was sworn as a witness in the case in the county court. An examination of the testimony of Judge Zwick, the judge of the county court at that time, convinces us that there is no merit in this contention.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.