ERNEST WISE v. STATE.

No. A-5463. Opinion Filed May 22, 1926.
(246 Pac. 656.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county on a charge of selling intoxicating liquor, and sentenced to pay a fine of $250 and to serve a term of six months in the county jail.

The record discloses that on the 23d day of August, 1924, certain officers went to the vicinity of the home of defendant, and two of them went to the residence and purchased a quart of whisky.   They returned later and arrested defendant.   They also found on the farm a keg of whisky and defendant took them to a still and delivered it to them.   He made various statements admitting his guilt and his intention to plead guilty.   A part of the evidence of defendant upon the matter of sale is as follows:

"Q.   Calling your attention to the 23d day of last August, do you remember the occasion of this man Davis and a man by the name of Osborne coming to your place? A. Yes, sir.

"Q.   Tell the jury what took place there immediately after they arrived?   A.   Judge, gentlemen of the jury,

when these two gentlemen arrived they asked me for whisky. I told them I didn't have no whisky, and they said, 'We are looking for whisky,' and I said, 'I haven't got none to sell.' I come to the door and they met me half way. * * *

"Q. Can you tell the jury—what did he say after you told him you didn't have any whisky? A. He said, 'I been drunk all night and I gotta have some more whisky'; and when I said I didn't have none he said he was going in and get some anyway, and he did, and then he got in the car and went down and met this other fellow, and then they all come back.

"Q. You did have some conversation with the fellow that you had some whisky in your house and would plead guilty to having whisky there? A. I wouldn't sell whisky to a man that I didn't know. * * *"

Several assignments of error are presented which will be briefly considered. It is first contended that the information is duplicitous. It charges that defendant did sell one quart of spirituous liquor, one quart of vinous liquor, one quart of fermented liquor, one quart of malt liquor, and one quart of intoxicating liquor, to wit, one quart of whisky, to R. E. H. Davis, for and at the price of $2. It is obvious but one sale is charged and that the intoxicants are variously described in order to meet the contingencies of the proof. It apprises defendant of the particular sale he is charged with having made. It is not duplicitous.

It is next argued that the setting of the case for trial was made at a time when the court was not in session. The evidence upon this point shows that the court regularly opened on the first Monday in October. On the 17th of October an order setting the case for trial was made. When the county court opened its term on the first Monday in October, it remained in session until the term expired by operation of law or was adjourned sine die; that is, as the term had been regularly opened it

continued until adjourned sine die, or until the first Monday of January, following, when a new term began and the October term expired by operation of law. The court was properly in session when the assignment was made and when the trial was had. Tucker v. State, 10 Okla. Cr. 565, 139 P. 998; Brown v. State, 11 Okla. Cr. 498, 148 P. 181; Southwestern Surety Ins. Co. v. Douglas, 81 Okla. 232, 198 P. 334.

Complaint is next made that the court erred in limiting the cross-examination of witnesses for the state. The witness Davis testified that he purchased the quart of whisky upon which the charge was based and paid two $1 bills for it. Counsel then asked whose money was used, and an objection to the question was sustained. Counsel then stated that he desired to elicit on cross-examination how defendant came into possession of the money for the purpose of testing his credibility, and to show that the witness was employed by the sheriff's office and was furnished marked money for obtaining evidence, and that such marked money was used in other transactions, and that he did not purchase whisky as testified to by him with money belonging to the witness or any one else. The court thereupon ruled that he had a right to test the credibility of the witness, but that he had no right to show where the witness procured the money. Defendant was not precluded from testing the credibility and interest of the witness, but, as he claimed he made no sale and received no money from the witness, we do not perceive how he was injured by being so limited on cross-examination.

It is also argued that the court erred in refusing to define "reasonable doubt" when requested by defendant. This court has several times held that the term "reasonable doubt" requires no definition, and that it is not error to fail to define, whether requested or not.

Tolbert et al v. State, 34 Okla. Cr. 110, 245 P. 659; Pitman et al. v. State, 33 Okla. Cr. 165, 242 P. 288.

It is also very strenuously urged that the court erred in admitting evidence of other offenses. It was shown that upon the arrest of defendant he went with some of the officers to a cornfield where there was a still, three barrels of mash, and a keg of whisky. This evidence was objected to, but was admitted for the express purpose of showing the possession by defendant of whisky at the time, as going to his intent. The court in his instructions expressly limited it to that purpose. For this purpose, we think the evidence was competent, or at least harmless. Bundy v. State, 16 Okla. Cr. 481, 184 P. 795; Herndon v. State, 16 Okla. Cr. 586, 185 P. 701; Tudor v. State, 14 Okla. Cr. 67, 167 P. 341.

It clearly appears that defendant is guilty; and, while some errors are apparent in the course of the trial, they are not such as require a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.