# A. A. ANDRES v. STATE.

No. A-7929.  Opinion Filed June 19, 1931.
(1 Pac. [2d] 178.)

Freeling & Box, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of the larceny of one heifer, and was sentenced to serve two years in the state penitentiary.  Motion for new trial was filed, considered, overruled, exceptions saved, and defendant appeals.

The testimony on behalf of the state is in substance that Grady Springs was the owner of one heifer yearling branded LS on the left side, and marked with a crop and hole in the left ear. This heifer ran on the range with other cattle belonging to Springs, in the vicinity of Alboin. About the 20th of August, 1929, this heifer was missed by the owner; on August 14, 1929, the defendant in this case drove to Wilburton, in Latimer county, with the carcass of a cow brute which weighed approximately 245 pounds and sold the same to a butcher at 5 cents a pound; the carcass showed to be somewhat dirty, and the butcher testified the animal had not been properly butchered; in the car which the defendant drove to Wilburton was a hatchet, and two knives with blood on them, a rifle, and also a lantern. When questioned the defendant made contradictory statements about the possession of the meat he brought to Wilburton. On August 17, 1929, the hide of a slaughtered animal was discovered in a pasture belonging to a man by the name of Hawthorn, six or seven miles east of the town of Wilburton, on Highway No. 3.

The testimony further tends to show that in going from Alboin to Wilburton the most direct route was to drive along highway No. 3; it was also shown that the county attorney saw the defendant early in the morning on August 14, 1929, driving a Ford touring car with the top off, and with something in the back end of the car covered with canvas.

It was further shown that whoever butchered the animal failed to cut off one of the front feet; that the hide found on the Hawthorn place seemed to fit the slaughtered animal, and appeared to be the same color of hair; and the hide had a hole cut in it about the place where the Springs' heifer was branded. On the 20th day of August, 1929, the head of a cow was discovered in a lake

near the place on the range where the Springs cattle ranged.

The defendant did not take the stand, but called several witnesses to testify, some as to the examination of the hide found, some as to the brand of the prosecuting witness on some of his cattle, and as to the range of the cattle of the prosecuting witness.

Six errors have been assigned by the defendant as grounds for reversal of this case. The first proposition argued by the defendant is that the evidence is wholly insufficient to sustain the verdict of the jury and is contrary to law. The defendant insists that the verdict is based on circumstantial evidence alone, and that the facts proven are not consistent with each other and are not consistent with the guilt of the defendant, and are wholly and completely consistent with his innocence, and did not in any sense include to a moral certainty every other reasonable hypothesis except the guilt of the defendant. The defendant then sets out that part of the testimony which he thinks is insufficient to sustain the verdict, citing Wertzberger v. State, 25 Okla. Cr. 1, 218 Pac. 721. The authority cited by the defendant is good law, but the facts and circumstances in this case are not in point. The weight of the testimony and credibility of the witnesses is a question for the jury.

This court has repeatedly held that where there is a basis in the evidence upon which the jury could reasonably conclude that the defendant was guilty as charged, it would hold the evidence sufficient on appeal to sustain the verdict and judgment. Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115.

It is the universal holding of this court that before it will reverse a conviction on the ground that the verdict is

contrary to the evidence it must find that there is no testimony in the record from which the jury could rationally conclude that the defendant was guilty. Bishop v. State, 9 Okla. Cr. 175, 130 Pac. 1173.

The defendant urges that the instructions of the court are incomplete for the reason that the jury was not instructed as to what constituted reasonable doubt. In Wise v. State, 34 Okla. Cr. 284, 246 Pac. 656, in the second paragraph of the syllabus this court said:

"It is not error for a trial court to fail or refuse to define the term 'reasonable doubt,' whether requested to do so or not."

This court, in many cases, has further held that the term reasonable doubt requires no definition. Soper v. State, 22 Okla. Cr. 35, 208 Pac. 1044; Pitman et al. v. State, 33 Okla. Cr. 165, 242 Pac. 288; Tolbert et al. v. State, 34 Okla. Cr. 110, 245 Pac. 659.

The last proposition urged by the defendant is that the trial court erred in admitting certain alleged incompetent evidence. Rule 7 of this court provides:

"When the error relates to the admission or the rejection of evidence the specification shall quote the full substance admitted or rejected, stating specifically the objection thereto."

The defendant does not set forth what evidence was admitted that he contends was incompetent, nor does he state wherein the admission of the evidence complained of prejudiced his rights.

The evidence is sufficient to sustain the judgment; no fundamental or prejudicial errors appear in the record sufficient to warrant a reversal. The defendant was accorded a fair and impartial trial. The instructions of the

court, when considered together, correctly stated the law applicable to the facts in the case.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.