## BOB PRICE v. STATE.

No. A-8126. Dec. 4, 1931.
(5 Pac. [2d] 768.)

Scott A. Ferris and King & Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with Helen Price with the crime of robbery; was tried separately, convicted and sentenced to imprisonment in the state penitentiary for five years, and appeals.

H. L. Jones, called as a witness, testified that on the 8th day of July, 1929, he and C. G. Chandler were in

Ada; they were driving into Ada from where they had been fishing, on North Broadway near Fourth street, when some one whistled and stopped their car; a man and woman came up to the car, the man on one side of the car and the woman on the other; the man stuck a knife in my back and told me to get out of the car; the man that held the knife on me is the defendant here in the courtroom. Chandler was crippled and had to use crutches; he got out on the other side of the car; when I got out the defendant continued to hold the knife on me and took my money. He got $52.60, and my billfold; when the man got my money the woman walked around in front of the car and the man handed her my billfold containing the money; I grabbed her and slung her down trying to get my billfold and money from her and the defendant hit me three times, knocking me down each time; when I got up the last time the defendant was gone; the woman went in the direction of the glass factory, being the same direction the man went after he left me; I then went to the doctor's office and had my wounds dressed.

Several other witnesses testify for the state on matters pertaining to the injuries of the prosecuting witness, and the trip made by the defendant to Holdenville, where he was arrested by the officers.

The testimony on behalf of the defendant tended to show that the witnesses were at their home near where the prosecuting witness claims he was robbed; they heard a scream down on Fourth street, and shortly thereafter a woman came along with a man following her; they met a man in the street on North Broadway and the men engaged in a fight and the woman ran off. The defendant did not take the stand.

Several errors have been assigned and argued by the defendant as reasons for reversal of his case. The record has been carefully studied. There is a conflict in the testimony as to whether or not the prosecuting witness was robbed by the defendant. The witness H. L. Jones positively identifies the defendant as the man who robbed him. The witnesses for the defendant do not testify the witness Jones was not robbed, but their testimony tends to show that the prosecuting witness was in what was known as the colored part of the city of Ada, associating with a colored woman, and that while associating with her she robbed him. All the witnesses admit that trouble of some kind occurred on Broadway a short distance from the intersection of Fourth street. They further admit that about the time the prosecuting witness claims he was robbed a car stopped on Broadway, near Fourth street, and that a fight took place near where the prosecuting witness states he was robbed.

The jury by its verdict found against the contention of the defendant. This court has repeatedly held that before it would reverse a conviction on the ground that the verdict of the jury is contrary to the evidence, it must appear that there is no testimony in the record from which the jury could rationally conclude that the defendant was guilty. Bishop v. State, 9 Okla. Cr. 175, 130 Pac. 1173.

Where the evidence, and the reasonable and logical inferences and deductions to be drawn from it, are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, this court will not disturb the verdict for the insufficiency of the evidence. Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901, and cases therein cited.

It is further argued by the defendant that there is a variance in the proof and the allegations. We think the proof of the ownership of the money taken is sufficient to sustain the allegations in the information. The evidence is sufficient to sustain the verdict. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law applicable to the facts in the case.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.