## MOORE v. STATE.

No. A-11098. Feb. 8, 1950.

(214 P. 2d 966.)

Logan Stephenson, Harry L. S. Halley, F. C. Swindell, O. C. Lassister, and Earl Truesdell, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The defendant, Charles Henry Moore, was charged in the court of common pleas of Tulsa county with the crime of driving a motor vehicle while under the influence of intoxicating liquor, was tried to a jury, convicted and sentenced to pay a fine of $50. From this judgment and sentence he has appealed.

For reversal nine assignments of error are set out in petition in error, though in brief filed the case is argued under three propositions or specifications of error.

We deem it desirable, prior to taking up the specifications of error, to briefly review the evidence.

On behalf of the state the highway patrolmen making the arrest testified that they were driving west along U. S. Highway 66 and met defendant about eight miles east of Tulsa about 1 o'clock a. m., December 24, 1947; that defendant was driving a trailer truck east at a speed of about 30 or 35 miles an hour, but that they noticed the truck swerving, and when defendant drove across a little culvert he crossed the center line; that when they met he forced them to drive off on the shoulder to their right and they then turned around and followed defendant, and that he would drive his truck off the pavement onto his right and then back on the pavement, and would cross the center line at times; that they drove up and instructed him to stop and that when he stopped they removed him from the cab; that he had a driver's license and expense money for his trip, gave them the name of his employer, information concerning his destination, etc. But they testified that his breath smelled of whisky and that he staggered when he walked, so that they arrested the defendant and took him to the county jail in

Tulsa. That one of the officers found a pint bottle half full of whisky in the cab of the truck; that defendant admitted that he had been drinking at home and out of that bottle; that he gave them no trouble, wanted them to contact his employer, and gave them his employer's telephone number.

Defendant testified that he was employed as a truck driver for the Wilson Trucking Co. of Tulsa, Okla., in oil field trucking, that he was instructed by his employer on the night of December 23-24, 1947, to make a drive to a point in the State of Missouri, near St. Louis; that he had hauled a load of pumping units from St. Louis to Seminole and had just gotten in from Seminole and received the order to proceed at once to Selma City, Mo., for another load of equipment, other drivers not being available; that he was tired and sleepy, though ready to go, but that his wife wanted him to take some Christmas presents out from Tulsa to his sister, who lived near Turley; that he and his wife drove out to his sister's and stayed about two or three hours, ate supper there, and that he had two or three drinks after supper; that he was not drunk; that around 10:30 p. m., he drove his wife and baby to 610 W. Archer, Tulsa, and then started on his trip; that he drove about 30 to 35 miles per hour after leaving Tulsa; that 6½ to 7 miles east on U. S. Highway 66 two highway patrolmen drove up by the side of his truck and ordered him to stop and that he did so. He denied drinking any after leaving his sister's, denied hearing the siren of the patrol car and denied any knowledge of a pint bottle half full of whisky one of the officers testified was taken from the cab of defendant's truck.

T. R. Wilson, defendant's employer, was used as a character witness and testified that defendant's reputa-

tion in the community in which he lived was good. Defendant offered the testimony of his wife to show that he was not visibly under the influence of liquor when he left home, but the attorneys did not qualify her to give any opinion, and they failed to show by her what his actions might have been.

In an effort to show that he was acting in a rational manner on arrival at the jail, defendant called the jailer as a witness who testified that when he checked the defendant in that defendant gave him the telephone number of his employer and asked him to notify his employer the location of the truck, and that he would have to get another driver, defendant being in jail.

Under specification of error No. 1 it is argued that the court erred in giving Instruction No. 4, which is as follows:

"You are instructed that by the term 'reasonable doubt' is not meant every doubt, *but a doubt based on reason and for which a good or fair reason can be given.* When the evidence satisfies the jury to a moral certainty, a certainty that satisfies the reason and judgment, such a certainty as would cause an ordinary prudent person to act affirmatively in the most important affairs of life, then all reasonable doubt is removed." (Italics ours.)

We are at a loss to understand why the trial court gave the instruction complained of when such an instruction has been condemned in this jurisdiction from territorial days on to the present time. The first case reported in the Oklahoma Criminal Reports and being Abbott v. Territory, 1 Okla. Cr. 1, 94 P. 179, 16 L.R.A., N.S., 260, 129 Am. St. Rep. 818, is an opinion by Williams, C. J., (1908); basic reasons for the rule were detailed, and it was held:

"An instruction which states 'by the term "reasonable doubt" is meant a doubt that has a reason for it;

it is a doubt you can give a reason for'—was erroneous, and is cause for reversal of the judgment."

See, also: Gibbons v. Territory, 1 Okla. Cr. 198, 96 P. 446; Price v. State, 1 Okla. Cr. 358, 98 P. 447; Reeves v. Territory, 2 Okla. Cr. 82, 99 P. 1021; Gragg v. State, 3 Okla. Cr. 409, 106 P. 350; Morgan v. State, 7 Okla. Cr. 45, 121 P. 1088; Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846; Gransden v. State, 12 Okla. Cr. 417, 158 P. 157; Soper v. State, 22 Okla. Cr. 27, 208 P. 1044; Hammons v. State, 80 Okla. Cr. 33, 156 P. 2d 379.

The Supreme Court of Virginia seems to have had this question before it for the first time only in 1937, and leading cases from various jurisdictions, both for and against the rule, were listed, and that court approved the rule as announced in Abbott v. Territory, supra. See Owens v. Commonwealth, 186 Va. 689, 43 S. E. 2d 895.

In Pritchett v. State, 1943, 78 Okla. Cr. 67, 143 P. 2d 622, 626, being an appeal from the same court as the within case, this court said:

"We, however, call attention to the fact that the court in this case, in instructing the jury, undertook to give a definition of 'reasonable doubt.' This court from its earliest decisions has advised against this practice, * * *" (citing cases) "No exception was taken to the giving of this instruction, but if there had been, it would have been necessary to reverse this case for that reason, because of the character of this instruction."

See, also, Nelson v. State, 5 Okla. Cr. 368, 144 P. 1124; Gransden v. State, 12 Okla. Cr. 417, 158 P. 157; Mayfield v. State, 17 Okla. Cr. 503, 190 P. 276; Choate v. State, 19 Okla. Cr. 169, 197 P. 1060; Burns v. State, 22 Okla. Cr. 151, 210 P. 302; Richard v. State, 24 Okla. Cr. 107, 216 P. 484.

A review of the authorities discloses that there have been a number of cases where this court gave an instruction covering reasonable doubt, and where the case was not reversed for that reason. In a number of instances this court approved the actual instruction defining reasonable doubt. See opinions by Judges Owen, Furman, Armstrong and Matson, respectively, and being: Chandler v. State, 3 Okla. Cr. 254, 105 P. 375, 107 P. 735, McDaniel v. State, 8 Okla. Cr. 209, 127 P. 358, Scribner v. State, 11 Okla. Cr. 189, 144 P. 626, and Burns v. State, supra.

In spite of the outcome in the above cases, this court has said that the better practice is to not give the instruction at all, even though requested to do so by the defendant. See Wise v. State, 34 Okla. Cr. 284, 246 P. 656, and Andres v. State, 51 Okla. Cr. 229, 1 P. 2d 178.

In a number of cases where an erroneous definition was given no exceptions were saved. This court has held that erroneous instructions, to be the basis for error, must be excepted to. Eccleston v. State, 12 Okla. Cr. 106, 152 P. 337, and Hammons v. State, supra.

In several other cases, though the giving of the instruction on reasonable doubt was criticized, the cases were not reversed because the court thought "the guilt of the defendant was so clear and palpable from the evidence that no question of doubt could arise." See: Gransden v. State, supra [12 Okla. Cr. 417, 158 P. 162], and Burns v. State, supra, citing Sec. 6005, Rev. Laws 1910, being Tit. 22 O. S. A. § 1068, the "harmless error" statute.

The question here, then, is, does the record present a case so clear as to leave no doubt as to the guilt of the defendant? There is evidence on behalf of the state,

standing alone, that would support the conviction. However, there is sufficient evidence on behalf of the defendant, if believed by the jury, to have justified the jury in finding for the defendant. Clearly, there must have been doubt in the minds of the jurors or else the penalty would not have been so. light. The instruction given, in effect, directs the jury to find the defendant guilty of the crime charged, unless they entertain a reasonable doubt arising out of the evidence, for which the jury are able to give a reason. It is evident that this case does not come within one of the exceptions where this court would be justified in affirming the case in spite of the erroneous instruction given.

The defendant next argues that the trial judge committed error in denying the defendant the right to cross-examination of the state's witnesses as to the method by which they arrived at their opinion that defendant was under the influence of intoxicating liquor.

Counsel for defendant attempted to cross-examine the state's witnesses as to whether blood tests had been made of defendant to determine whether or not he had alcohol in his system. There was no contention on the part of the state that such tests were made, there is no statute requiring such tests, and the defendant had admitted that a short time prior he had taken two or three drinks of whisky. We have examined the testimony carefully and find no error on the part of the court in his rulings in this regard.

Counsel contends that the trial court erred by orally instructing the jury. During his argument to the jury counsel for defendant made some argument about the state failing to give the defendant a blood test to determine the amount of alcohol in his system, but such argu-

ment was not taken down by the court reporter and preserved. However, the following was taken down:

"By the Court: Counsel for the defendant has argued that there was no blood test, or other test taken by this man to determine whether he had alcohol in his system, and such statement should not have been made and is not evidence in this case, for the reason that under the laws of the State of Oklahoma, no such tests are required to be made, and such statements and testimony is improper.

"Mr. Halley: The defendant excepts to the remarks of the Court and now moves for a mistrial, on the grounds that the statement of the Court to the jury is not the law of this State, and the State of Oklahoma, and we ask that this jury be discharged and a mis-trial granted herein.

"The Court: Gentlemen of the Jury, you are instructed that the arguments and statements of counsel in this case are not to be considered as evidence, and counsel for defendant is asked to not make such arguments and such statements in the presence of the jury."

No exceptions were taken to the instruction or admonition to the jury on the specific ground that it was orally given, and for such reason the instruction will be examined only for fundamental error. Howard v. State, 39 Okla. Cr. 336, 265 P. 149.

From an examination of the record it is clear that there was nothing in the conduct or remarks of the trial judge which in any way prejudiced the rights of the defendant.

In this case it is evident that the finding of the half-full pint bottle of whisky was incident to a lawful arrest, and that no search warrant was necessary. The whisky was not introduced in evidence. The court properly overruled the motion to suppress the evidence of the highway

patrolmen concerning the whisky.   Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716.

By reason of the erroneous instruction covering reasonable doubt, which was properly excepted to, the judgment of the court below is reversed, and the cause remanded with directions to grant a new trial.

JONES, P. J., and BRETT, J., concur.