Richard Andrew **DOOLEY**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-16393.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Curtis A. Parks, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Richard Andrew Dooley, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Larceny of an Automobile, After Former Conviction of a Felony; his punishment was fixed at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Mr. A. J. McCrackin was the owner of a 1962 Chevrolet, tag # ZM-7856, which was stolen from his place of business on or about August 17, 1970. He testified that he did not give permission to the defendant to take the vehicle and that when he left his business on the evening before the crime was committed, the automobile was there and when he returned the next day, it was gone. He filed a report with the police department and later, when the automobile was discovered in western Oklahoma, he proceeded there to pick it up and return it to his place of business.

Michael H. Wolf testified that he had known the defendant for approximately five months; that he saw the defendant on August 18th at the service station where he worked around 3:00 a. m.; that he was accompanied by one Larry Wasson and they came to the station on foot. He had conversations with these individuals and Mr. Wasson made the statement that "we're going to steal a car and we've got to get out of town because we've already stole three this week." The witness further testified that Mr. Dooley was present at that time and that he made no response

to this statement; that the defendant and Mr. Wasson then left on foot and came back about an hour later in a 1962 Impala Super Sport; that he asked them where they got the car and they told him, "up the street on a car lot." The witness identified the car as being a two-door automobile, gold in color with gold bucket seats and that he thought the license number was ZM–7853. He further testified that the defendant Wasson stated that they were going to go to Texas and the defendant was driving the automobile when they returned to the station.

Lynn Coral, a sixteen year old newsboy for the Tulsa Tribune, next testified for the State. He stated that he was working at a Champlin filling station on Charles Page Boulevard on August 18, 1970; that this station is located right across the street from the A. J. McCrackin Motor Company; that he knew Larry Ray Wasson and the defendant and that he had an occasion to see both individuals at his station between 4:00 and 5:00 a. m. on that date; that both individuals told him that they were going to Texas and when they came to the station they were both on foot. When he saw them next, around 5:00 or 5:30 a. m., they were in a 1962 Chevrolet. In response to the question, "Did you see where they got the car?" the witness answered, "At A. J. McCrackin's."

Trooper Robert Green of the Oklahoma Highway Patrol testified that he was assigned to the area contained by the Logan-Payne County line to the Cimmaron River to Memorial Road in Oklahoma City on the 18th day of August, 1970. While so employed, he observed the defendant approximately eight miles north of Guthrie on I–34 around 8:40 a. m. walking down the interstate. At that time he observed a 1962 gold colored Chevrolet parked on the shoulder of the highway. Believing that the defendant was having car trouble, he drove up and asked if he could help. The defendant and Larry Wasson stated that they were walking to Austin, Texas. He asked them if they knew anything about the vehicle and if it belonged to them and they said it did not, that they wished it did and then they wouldn't be walking. Consequently, Officer Green ran a check on the vehicle to see if it was stolen; after which he drove back to the defendant and Wasson and found them trying to catch a ride in the opposite direction, whereupon he took the two subjects in custody. He had the vehicle towed to Vic Wood's Storage in Guthrie, Oklahoma and the license number of the car was ZM–7856.

Larry Peters, a fingerprint technician for the Oklahoma State Bureau of Investigation, testified that he conducted an investigation concerning the defendant's case on the 18th day of August, 1970. He identified State's Exhibits One, Two, and Three, as photographs of the automobile in question, and he identified State's Exhibit No. Four as a latent fingerprint taken from the automobile and State's Exhibit No. Five as a rolled impression taken from the defendant. He found the latent fingerprint lifted from the automobile to be identical with the No. 7 finger, or the left index, of the defendant. The witness further testified that a palm print, taken from the steering wheel, was compared to the palm print taken from the subject Larry R. Wasson, and they were identical.

The defendant did not testify, nor was any evidence introduced in his behalf in the first stage of the trial. The defendant testified in the second stage, and admitted the former conviction.

The defendant's two propositions both concern the following testimony of Michael Wolf: (T 22)

"Q. And what was this?

A. Larry said, 'we're going to go steal a car and we've got to get out of town.'

Q. Did he say anything else?

A. Yes sir, he said, 'we've got to get out of town because we've stolen three this week.'

MR. LANGLEY: Your Honor, may I object?

THE COURT: The objection is overruled."

■ The defendant first asserts that the Court erred in overruling the objection and admitting the evidence because the statements constituted patent hearsay and were deeply prejudicial to the defendant. We are of the opinion that the trial court's ruling was proper. It is apparent from the evidence that the defendant and Wasson were conspirators. It has long been the law of this state that where two or more persons have acted in concert in the commission of a crime, the acts and declarations of one co-actor in pursuance of the common act or design are admissible against any other co-actor on trial for the crime. In Tolbert v. State, 34 Okl.Cr. 110, 245 P. 659 (1926), the Court stated:

"There was evidence that defendants and Williams and Hickerson were acting together. The statement of any one of them in the pursuit of the common design until it was fully accomplished was competent, particularly so where the statement was made in the presence of all. There was sufficient evidence that the unlawful act had not been completed at the time the statements were made. It was not erroneous under the circumstances shown to admit them."

This general principal of law has recently been approved by the United States Supreme Court in the case of Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213. We, therefore, find this proposition to be without merit.

■ The final proposition contends that the Court erred in overruling his objection to the evidence of other crimes. The general rule is that when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows he is guilty of that offense alone, and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible. In the recent case of Moulton v. State, Okl. Cr., 476 P.2d 366, we stated:

"However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused is put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other."

■ We are of the opinion that the statement made by the co-conspirator Wasson that they had to get out of town because "we've stolen three this week" falls within the exceptions of Moulton v. State, supra, in that it shows motive, intent and common scheme and plan.

In conclusion, we observe that the record is free of any error which would justify modification or require reversal; the evidence is overwhelming as to the defendant's guilt; the punishment imposed is well within the range provided by law, and under such circumstances we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, J., concurs.

NIX, J., dissents.