## W. G. GRAGG v. STATE.

### No. A-35.  Opinion Filed January 21, 1910.

### (106 Pac. 350.)

1. **INDICTMENT AND INFORMATION—Sufficiency.** It is not imperative under the laws of this state that an information shall contain the words "by the authority of the state of Oklahoma," if the record discloses that the prosecution is in fact by the authority of the legal representative of the state authorized to prosecute.

2. **INSTRUCTIONS—Reasonable Doubt.** An instruction to the jury which defines reasonable doubt to be a doubt that has a

reason for it and one for which a reason may be given is erroneous.

(Syllabus by the Court.)

*Error from Tillman County Court; T. E. Campbell, Judge.*

The plaintiff in error, W. G. Gragg, was tried in the county court of Tillman county on the 5th day of February, 1908, charged with selling intoxicating liquor. He was convicted and sentenced to imprisonment in the county jail for thirty days and to pay a fine of fifty dollars. The case is before us on appeal. Error confessed by counsel for the state. Reversed.

*P. Mounts* and *W. W. Griffin,* for plaintiff in error.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

OWEN, JUDGE. Counsel to the Governor, and representing the state before this court, has filed his confession of error in this case, confessing that the trial court erred in the following instruction:

"(3) By the term 'reasonable doubt' as used in this instruction is meant a doubt that has a reason for it. It is a doubt that you can give a reason for, and is one which arises from a careful and impartial consideration of all the evidence and which in the graver transactions of life would cause a prudent and reasonable man to hesitate. In other words, it is such a doubt that will leave a juror's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction to a moral certainty of the defendant's guilt."

The Supreme Court of this state in the case of *Abbott v. Territory,* 1 Okla. Cr. 1, 94 Pac. 179, 16 L. R. A. (N. S.) 260, in an opinion delivered by Chief Justice Williams, reviews at great length the decisions and text-writers defining the term "reasonable doubt," and in that case condemned an instruction in almost the identical language of the instruction here. In the case of *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447, this court, in an opinion delivered by Furman, Presiding Judge, condemned an instruction embodying the same definition of a reasonable doubt. In that case, the presiding judge used the following language:

"The words 'reasonable doubt' in our statute are used in

their ordinary sense in common acceptance among the people. An instruction in the language of the statute is sufficient, and is by far the safest course to pursue. Any effort to elucidate the meaning of the words 'reasonable doubt' is dangerous, as will be found from an examination of the decided cases."

We deem it unnecessary to discuss the matter further at this time. The conclusions in the Abbott and Price Cases are approved here. The confession of error filed by the counsel for the state must be sustained.

Inasmuch as this case will probably be tried again, we deem it necessary to pass on the objection made by the plaintiff in error in the court below, as to the form of the information filed in the county court. The information is as follows:

"I, Sam W. Johnson, county attorney of the county of Tillman and state of Oklahoma, duly authorized and empowered by law to inform of offenses committed and triable within the said county and state, come now here and give the court to understand and be informed, that at and within said county and state, on the 21st day of January, 1908, W. G. Gragg, then and there being, did then and there, willfully, unlawfully, sell, barter, give away, and furnish to one S. W. Surrett, certain intoxicating liquors, to wit, whiskey; the said Gragg not then and there being authorized by law to sell, barter, give away and furnish intoxicating liquors to the people of said county and state then and there being, contrary to the prohibitory law of the Constitution of the state of Oklahoma, and contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma. S. W. Johnson, County Attorney."

Counsel for plaintiff in error insist that this information is defective for the reason that it does not comply with that provision of our Constitution (article 7, § 19), which says:

"All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma."

It will be noticed that this information is made by Sam W. Johnson, county attorney of Tillman county, and says that he is "duly authorized and empowered by law," etc. This same question was presented to this court in the case of *Arie v. State,* 1 Okla. Cr. 666, 100 Pac. 23, 33, and again in the case of *Caples v. State, ante,* p. 72, 104 Pac. 493. In these cases this court held

that informations in substantially the same form as the information here were sufficient. The weight of authority seems to be that, where the Constitution requires criminal prosecutions to be carried on in the name and by the authority of the state, there need be no general statement of the same in the indictment or information when it appears from the record that the prosecution is actually conducted by the authority of the state. The object of the Constitution in requiring the prosecution to be in the name and by the authority of the state is to exclude any foreign power from the exercise of such authority. In the case at bar, the county court should take judicial knowledge of the name of the county attorney. When the information was filed by the county attorney in his official capacity it was by the authority of the state. We deem it unnecessary to review the authorities cited in the Arie and Caples Cases. The conclusions of this court reached in those cases are approved here.

The confession of error filed by the counsel for the state is sustained. The case is reversed, with direction to grant the defendant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.