# LINK MOUTRY v. STATE.

No. A-1836. Opinion Filed June 21, 1913.

(132 Pac. 915.)

1. HOMICIDE—Self-Defense. No man can take advantage of his own fault and plead as a defense for taking human life a necessity which arose from his own intentional wrongdoing.

2. SAME—Provoking Difficulty. Where a defendant seeks or provokes a difficulty with the deceased in order that he may have a pretext for killing or inflicting serious bodily injury, upon him, and in such conflict does kill the deceased, the defendant is guilty of murder, it matters not how hard pressed he may have been in the conflict, unless after such provocation has been given or difficulty sought or provoked and before the fatal blow is struck or shot is fired the defendant in good faith abandons such intention ,and seeks to withdraw from the conflict.

3. SAME—Instructions. Where a defendant is upon trial for murder, and the evidence offered does not present self-defense as a legitimate deduction, it is error for the court to give any instruction

at all upon the subject of self-defense; but, this being an error in favor of the defendant, he cannot complain thereat.

4. **SAME—Appeal—Harmless Error.** Where a defendant is upon trial for murder, a verdict for manslaughter in the first degree will not be reversed upon the ground that the defendant should have been convicted for murder.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County;*
*R. P. De Graffenreid, Judge.*

Link Moutry was convicted of manslaughter, and he appeals. Affirmed.

The essential facts in this case are not disputed, and may be stated in condensed form as follows: In 1896 the appellant, Link Moutry, was married in Texas to his wife Birdie. They subsequently moved to Oklahoma. Their matrimonial experiences were anything but pleasant, and in June, 1911, Birdie Moutry secured a divorce from appellant. Appellant entertained a feeling of bitter jealousy toward deceased with reference to the supposed relations existing between his divorced wife and the deceased, and appellant frequently stated that, if he ever caught deceased around his former wife, he would kill him. Deceased kept a store in the city of Muskogee. The wife of appellant lived near this store, and deceased boarded with her. On the morning of the homicide Birdie Moutry went to the store, and informed deceased that his breakfast was ready. Deceased went to the house of Birdie Moutry for his breakfast. Appellant, armed with a pistol, followed deceased to the house. Birdie Moutry testified that appellant shot deceased without warning. Appellant claims that, when he went into the house of his former wife and found deceased there, an altercation occurred between them in which deceased attempted to strike appellant with a chair, and that appellant killed deceased in his necessary self-defense.

*S. M. Rutherford, Guy F. Nelson,* and *James W. Cosgrove,* for appellant.

*Smith C. Matson* and *Jos. L. Hull,* Asst. Attys. Gen., for the State.

FURMAN, J. (after stating the facts as above). According to the state's evidence the killing was murder pure and simple. According to the testimony of the defense, it was a case in which the appellant sought the deceased armed with a deadly weapon for the purpose of having a difficulty with him and taking his life. The most that appellant can claim was that the killing occurred in a mutual combat. Owing to the divorce which Birdie Moutry had obtained from her husband appellant had no right to enter her house without her invitation or consent. He had no business there. No matter what relations might have existed between the deceased and Birdie Moutry, appellant had no right to interfere and constitute himself sheriff, judge, and jury, and try the deceased, sentence him to death, and execute him upon the spot, and in doing this the right of self-defense did not arise in his behalf.

No man can take advantage of his own fault and plead as a defense for taking human life a necessity which arose from his own intentional wrongdoing; and where a defendant seeks or provokes a difficulty with the deceased in order that he may have a pretext for killing or inflicting serious bodily injury upon him, and in such conflict does kill the deceased, the defendant is guilty of murder, it matters not how hard pressed he may have been in the conflict, unless after such provocation has been given or difficulty sought or provoked and before the fatal blow is struck or shot is fired the defendant in good faith abandons his intention, and seeks to withdraw from the conflict. See *Kent v. State,* 8 Okla. Cr. 188, 126 Pac. 1040; *Evans v. State,* 8 Okla. Cr. 78, 126 Pac. 586; *Rollen v. State,* 7 Okla. Cr. 673, 125 Pac. 1087; *Koozer v. State,* 7 Okla. Cr. 336, 123 Pac. 554; *Ex parte Colby,* 6 Okla. Cr. 187, 124 Pac.

635; *Boutcher v. State,* 4 Okla. Cr. 576, 111 Pac. 1006. The various phases of the law of provoking a difficulty and of mutual combat are discussed in the above cases, but it is not necessary to discuss them in detail now, for this case is so plain as not to admit of discussion.

The only question presented in the brief of counsel for appellant is that the court erred in its' instruction as to the law of self-defense. We think that the court did err in giving this instruction, because self-defense was not a possible legitimate deduction to be drawn from the evidence offered. Under these conditions, the court should not have instructed upon this issue at all, and any errors which the instructions may contain could not have possibly injured appellant. The error, if any, was in favor of, and not against, appellant. We think that the evidence offered makes out a case of murder, and that the jury in finding appellant guilty of manslaughter in the first degree were probably misled by the too favorable instruction toward appellant which was given by the court.

Finding no prejudicial error in the record, the judgment is in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.