ED ALEXANDER v. CITY OF KINGFISHER.

No. 1861.    Opinion Filed October 4, 1915.

(151 Pac. 1197.)

Appeal from the County Court of Kingfisher County, Jno. M. Graham, Judge.

Ed Alexander was convicted of violating a city ordinance of the city of Kingfisher, and appeals.    Upon rehearing reversed .

Bradley & Bradley, for plaintiff in error.

Jno. T. Bradley, Jr., City Attorney, for defendant in error.

PER CURIAM.    Ed Alexander was convicted in the county court of Kingfisher coonty, upon an appeal from the city court of the city of Kingfisher upon a charge of violating the prohibitory law, and his punishment fixed at thirty days in jail and $50.00 fine.    Among many assignments of error brought in this case is one based upon the following instruction of the court:

"A doubt to acquit a defendant must be a reasonable doubt—not a mere speculation or possibility.    The city is not required to prove defendant's guilt beyond all doubt, but only beyond a reasonable doubt. The doubt which the juror is allowed to retain on his mind on which he should frame a verdict of not guilty must always be a reasonable one. A doubt produced by undue sensibilities in view of the consequences of the verdict is not a reasonable doubt, and the juror is not allowed to create sources of material for doubt by resorting to fanciful suppositions or conjectures as to a possible state of facts differing from those established by the evidence.

You are not at liberty to disbelieve as jurors, if from the evidence, you believe as men.    Your oath imposes upon you no obligation to doubt where no doubt would exist if no oath has been administered.    If, after a careful and impartial consideration of all the evidence in the case, you can say you feel an abiding conviction of the guilt of the defendant, and are fully satisfied with the truth of the charge. made against him, then you are satisfied beyond a reasonable doubt."

This instruction was given at the request of the City Attorney, over the objection of counsel for plaintiff in error.    Instructions identical in principle have been too often condemned by this court to require discussion here.    The error is aggravated when it is clearly apparent that the court did not give the same inadvertently, but did so at the instance and request of the prosecuting officer.    Instructions much less objectionable have been condemned by the Supreme Court of Oklahoma Territory, the Supreme Court of the State of Oklahoma, and by this court.    See Patzwald v. United States, 7 Okla., 232; 54 Pac. 458; Abbott v. Terr., 1 Okla. Cr., 1, 94 Pac., 179, 16 L. R. A. (N. S.) 260; Price v. State, 1 Okla. Cr., 358; 98 Pac. 447; Nelson v. State, 5 Okla. Cr., 368; 114 Pac., 1125; Gray v. State, 4 Okla. Cr., 292; 111 Pac., 825, 32 L. R. A. (N. S.) 142; Graff v. State, 3 Okla. Cr., 409, 106 Pac., 350.

There was no justification for the court's giving this instruction under the foregoing authorities, and less justification for counsel insisting that it should be given. If this court is to ignore the uniform line of decisions announced by it, and other decisions from other states followed by it, then there would be little use of precedent. The record in this case does not indicate that there was any special effort to accord the accused a fair and impartial trial according to law. The judgment is reversed and the cause remanded, with direction to grant a new trial.