## ALVIN ODUM v. STATE.

No. A-3836.  Opinion Filed March 22, 1922.
(204 Pac 1118.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction of Manslaughter in First Degree.** In a homicide case the evidence considered, and held sufficient to sustain the verdict and judgment of conviction for manslaughter in the first degree.

Appeal from District Court, McCurtain County; G. M. Barrett, Judge.

Alvin Odum was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Jeff D. McLendon, for plaintiff in error.

George F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Appellant, Alvin Odum, was informed against for the murder of A. O. Whala, and upon trial was convicted of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of seven years.   He has appealed from the judgment rendered upon such conviction, but there has been no appearance on his behalf in this court.   When the case was called on the assignment, it was submitted on the record.

The appellant shot and killed A. O. Whala in the town of Bokhoma about 6 o'clock in the evening of the 22d day of November, 1919.   The evidence for the state shows that the decedent conducted a barber shop in Bokhoma.   The defendant went to the barber shop about an hour before the shooting, and a difficulty arose over the payment for pressing a pair of pants, epithets were exchanged, and the defendant invited the decedent to come out of the shop.   The decedent went out and grabbed the defendant and made him retract what he had said. The defendant then went to the place where he was boarding and secured a Winchester rifle, loaded it as he returned, and passed through a lumber yard and stood behind the lumber company's office.   In a short time the decedent and his wife passed along the street, and after passing the lumber office the defendant fired two shots at the decedent, each taking effect.   The decedent ran behind a church near by and then to the back porch of a house near by and took from there a Winchester rifle and returned to the scene of the shooting, at which time the defendant fired another shot, striking the decedent, from the effect of which wound he died three or four hours later.

Six or seven witnesses testified to these facts on the part of the state.

The defendant, as a witness in his own behalf, testified:

"The trouble started there in the barber shop. I told him I wouldn't pay for the pressing of my trousers; that they lacked a hell of a lot of being pressed. He cussed me and told me to get out. I walked out. He called me God damn son of a bitch. I walked off the end of the porch, and I said, 'You are another one.' I did not invite him out of the barber shop. He followed me out. He caught me by the collar and drew his razor on me. He said, 'God damn you; take it back or I will cut your head off.' I took it back, and he let loose of my collar. He said, 'Go get your gun; I have got a good one in the shop,' and he turned and walked back into the shop. I walked straight to the house, laid the trousers down, and picked up a rifle. I turned and walked back, and didn't stop until I ran behind Wilson Lumber Company's office. I was watching him. He came right up the walk with his wife. When he got up even with me I shot in the air, just to make him kinda go on and to scare him. I fired two shots. He ran around back of the church, and I turned and walked out to an old boiler that was laying there near the depot platform. Whala was southeast of the depot and was looking for me, and I shot him from the depot. He fell. Whala fired first."

The errors assigned are:

"First, that said verdict was and is contrary to the law and the evidence; second, because the court erred in neglecting to instruct the jury on the law of 'cooling time.' "

Viewing appellant's testimony from the standpoint most favorable to him, it leaves no doubt of the fact that he armed himself with a Winchester repeating rifle for the purpose of engaging in mutual mortal combat with the decedent, which made the homicide at least manslaughter in the first degree, and the testimony on the part of the state is ample to have sustained a verdict against the defendant for murder.

The court in its instructions covered every phase of the law of the case, and no objection was made or exception taken to the instructions given, which, it appears, were more favorable to the defendant than he had any right to expect.

Finding that no material error was committed in the trial of this case, the judgment is affirmed.

MATSON and BESSEY, JJ., concur.