### GRANT SMITH et al. v. STATE.

No. A-3559. Opinion Filed Jan. 13, 1923.
Rehearing Denied March 12, 1923.
(212 Pac. 1012.)

(Syllabus.)

1.  Trial—Instruction not Required upon Chimerical Theory not Supported by Evidence.—The trial court is not required to delve in the realms of conjecture or speculation in order to instruct upon some chimerical theory of the law of the case not reasonably supported by the evidence.

2.  Evidence—Accused Deemed to Elect Defense not Eliminated by His Admissions as Witness.—When a defendant, who has the right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one.

3.  Homicide—Proof of Assault with Intent to Kill—Burden of Mitigation or Justification on Accused.—Upon a trial for murder the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that

justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justified or excusable. This rule is applicable with equal force to the crime of assault with intent to kill.

4. **Same—Refusal of Charge on Self-Defense—Lack of Evidence to Support.**—Where the evidence of the state's witnesses was to the effect that defendants, while riding along a public highway at night, shot the prosecuting witness immediately upon being informed that he was an officer, and after being told to stop, and before any shot was fired by such officer or those with him, and each defendant positively denied firing any shot on such occasion, although admitting they were in the automobile, the issue of self-defense is not presented, and the refusal of the trial judge to give an instruction on that theory is not error.

Appeal from District Court, Craig County; Preston S. Davis, Judge.

Grant Smith and another were convicted of assault with intent to kill, and they appeal. Affirmed.

S. M. Rutherford, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a conviction of the defendants in the district court of Craig county, wherein they were jointly tried for the crime of assault with intent to kill by shooting one Lee Webb, the sheriff of Craig county, in the month of April, 1918. The jury returned a verdict of guilty as to each defendant and left the punishment to the court, and on the 4th day of December, 1918, the trial court sentenced each defendant to serve a term of seven years in the penitentiary at McAlester.

The shooting of Webb occurred on a public highway not far from the town of Welch, in Craig county, Okla., while the defendants were traveling along the public highway in a

highpowered automobile. At the time of the shooting of
Webb, he was a member of a posse organized by a deputy
United States marshal of that district who had received in-
formation that evening that two negroes had left the city of
Joplin, Mo., with an automobile loaded with whisky bound
for the city of Muskogee, Okla. The defendants were both
negroes, and at that time, according to their testimony, were
residents of Muskogee, Okla. The public highway on which
the shooting occurred was the one usually traveled between
the cities of Joplin and Muskogee.

According to the state's witnesses, as soon as they saw
the headlights of defendants' automobile approaching, they
got out into the road and hollered to the defendants that
they were officers and told them to stop; that as soon as
they told defendants they were officers two shots were im-
mediately fired from the automobile, the first of which struck
Webb in the thigh, knocking him to the ground; thereupon
one of the officers fired a shot into the radiator of the car,
and the defendants fired two or more additional shots from the
car, and the officers fired some more shots at the car;
that the occupants of the car speeded up and escaped.

The state's evidence further discloses that about one hour
after the shooting these defendants drove their automobile
into a garage at Vinita, Okla., several miles distant from
where the shooting occurred; that at that time the radiator
of the automobile had a bullet hole in it and was leaking so
badly that the defendants abandoned the car there and left
it with the garage owner for repairs, at the same time Grant
Smith, one of the defendants, also left with the garage owner,
or the man in charge of the garage at the time, a 38-caliber
Colt's pistol. The evidence discloses that Webb was wounded
by a 38-caliber bullet, also that the bullet extracted from
the radiator of the car was of 38-caliber.

Defendants admitted that they were the parties in the car at the time, but denied that they had any whisky, and each defendant also denied that they fired any shots at the officers, claiming that Smith's pistol was a 32-caliber pistol; that it was in the pocket of the door of the automobile and was not taken therefrom until they reached the garage at Vinita; that Sutgray had no pistol at all, and that all the shots that were fired on that occasion were fired by the officers themselves; that if Webb was wounded at that time he must have been wounded by a shot fired by one of the officers.

The chief error alleged to have been committed by the trial court and relied upon for a reversal of these convictions is the refusal of the trial court to give an instruction covering the law of self-defense. Such an instruction was requested by counsel for defendants, and, upon refusal of the trial court to give it, proper exception was taken.

"Whether it is the duty of the court in a prosecution for homicide to instruct the jury on the question of self-defense when the defendant denied the killing, seems to depend entirely upon the nature of the evidence introduced at the trial. If the defendant denies the killing and there is no evidence adduced by either party which tends to show that the killing might have been in self-defense, although other evidence shows quite conclusively that the defendant committed the crime, it is not the duty of the court to instruct as to self-defense." 13 R. C. L. p. 813.

In the case of Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124, this court held:

"The trial court is not required * * * to delve into the realms of conjecture or speculation in order to instruct some chimerical theory of the law of the case not reasonably supported by the evidence."

In the case of Sayers et al. v. State, 10 Okla. Cr. 233, 135 Pac. 1073, it is held:

"When a defendant, who has the right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one."

Section 2719, Compiled Statutes 1921, is as follows:

"Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

Under the foregoing statutory provision it is clear that in homicide cases, where the commission of the homicide is proved, the burden of proving circumstances that defendant was justified or excusable devolves upon the defendant, unless, of course, the state's evidence discloses that defendant was justifiable and excusable. This rule is applicable with equal force to the crime of assault with intent to kill.

In this case the evidence on the part of the state discloses that as soon as the defendants were notified that the parties in the road were officers and were told to stop, the defendants immediately fired two shots, the first of which struck and wounded Lee Webb. There is no conflict in the state's evidence on this point. No element of justification or excuse on the part of either defendant can be said to arise from the state's evidence. Therefore there was no element of self-defense arising from the state's evidence, and the trial court was not required to give an instruction on that theory because of any evidence adduced by the state.

The defendants each specifically denied that they fired a single shot on that occasion. It is clear, therefore, that the evidence introduced by the defendants in no way tended to prove any circumstance that would justify or excuse either

of them in shooting at Webb. The defendants elected to depend upon the theory that no shot was fired from the automobile, leaving the jury to infer that Webb must of necessity have been wounded by a shot fired by one of the possemen. The defense interposed by these defendants was entirely inconsistent with self-defense, and after the state's case disclosed no justification or excuse on the part of either defendant the defense upon which they relied did not assume the burden of proving justifiable or excusable circumstances as required by section 2719, supra.

There is no evidence in this case sufficient to present the issue of self-defense; therefore the refusal of the trial court to give the requested instruction on that theory was proper. Newby v. State, supra; Williams v. State, 17 Okla. Cr. 375, 188 Pac. 890; Williamson v. State, 19 Okla. Cr. 427, 200 Pac. 461; Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915; Holmes v. State, 6 Okla. Cr. 541, 119 Pac. 430, 120 Pac. 300; Rollon v. State, 7 Okla. Cr. 673, 125 Pac. 1087; Murray v. State, 10 Okla. Cr. 530, 139 Pac. 707; Young v. State, 11 Okla. Cr. 22, 141 Pac. 285; Stevens v. State, 8 Ga. App. 217, 68 S. E. 874; Burton v. State, 67 Tex. Cr. R. 149, 148 S. W. 805; State v. Jenkins (Mo. Sup.) 178 S. W. 91.

The trial judge gave instructions fully and fairly covering the law applicable to the facts as testified to by the defendants. While certain instructions given by the trial judge are complained of, the instructions given, considered as a whole, are as fair to the defendants as the evidence warrants and in our opinion cover the law of the case.

For the reasons stated, the judgment of conviction as to each defendant is affirmed.

BESSEY and DOYLE, JJ., concur.