# FRED WILLIAMS v. STATE.

No. A-5375.   Opinion Filed March 26, 1926.
(244 Pac. 202.)

John Adams, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Logan county on a charge of violating the prohibitory liquor law, his punishment fixed at imprisonment in the county jail for a period of 90 days, and a fine of $375.

The charging part of the information upon which defendant was tried is as follows:

"* * * That at and within the county of Logan, state of Oklahoma, on the 27th day of July, 1924, A. D., the said Fred Williams did then and there unlawfully, wilfully, and wrongfully have in his possession a quantity of spirituous liquor, to wit, three gallons of whisky, testing more than one-half of 1 per cent. alcohol, contrary to and in violation of the statutes in such case made and provided, and against the peace and dignity of the state."

No demurrer was filed, but, when the first witness was called, the defendant objected to the introduction of any evidence for the reason that the information did not state a crime, in that said information did not state that possession of the whisky in question was with intent to violate the prohibitory liquor laws of the state. It is contended that the information does not charge an offense. The contention is well founded. The mere having possession of whisky, with no intent to violate any of the prohibitory liquor laws, is not a crime. Section 7002, Comp. Stats. 1921, makes it unlawful to have the possession of any liquors defined and described in said section with the intention of violating any of the provisions of the prohibitory liquor laws. This statute continues in force as amended by chapter 70 of the Session Laws of 1911, and by chapter 26 of the Session Laws of 1913, and by chapter 123 of the Session Laws of 1924. The amendments referred to, in so far as they affect the question of possession under which the defendant in this case is sought to be charged, make the possession of specified quantities prima facie evidence of an intention to violate the prohibitory law, but do not make the bare possession without intent a crime. It follows that, since the information charges the bare possession, it does not state an offense, and the objection to the introduction of evidence should have been sustained.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.