## G. S. (CY) FRAZIER v. STATE.

No. A-5593. Opinion Filed June 5, 1926.
(246 Pac. 652.)

F. W. Church, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. On information charging that in Ottawa county, February 5, 1925, G. S. "Cy" Frazier, did have in his possession two half pints of whisky with the unlawful intent to violate provisions of the prohibitory liquor law, he was tried and convicted, and his punishment fixed at a fine of $500 and confinement in the county jail for 6 months. To reverse the judgment rendered on the verdict, he brings the case here on appeal, and assigns as error that the evidence is not sufficient to sustain the verdict and judgment; that the verdict of the jury is based on bias and prejudice in fixing the maximum punishment for the first offense; that the court erred in giving certain instructions, and erred in refusing to give requested instructions.

The state introduced two witnesses, each testifying that under authority of a search warrant, they visited the premises occupied by defendant and found and seized two one-half pints of whisky.

The defendant moved for a directed verdict of acquittal, which was overruled.

Complaint is made of the charge of the court, in that the same improperly submitted the law of the case. The charge of the court contains sixteen instructions. The instruction on intent concludes with the following disquisition:

"The court advises you that under the law the state does not have to prove the ownership of the liquor. The

liquor might be owned by one party and still be in the possession of another who might have the unlawful intention of violating the law. The intent with which an act is done is but a mental state of the accused, and it is ofttimes impossible and generally so to prove by direct evidence the intent of a person because it is impossible to look into his mind and see what is operating there, but it is competent and proper to prove the intent by facts and circumstances going to show what to you as reasonable men would appear to be the intent. The circumstances which have been referred to by the court in giving you this instruction are such circumstances as will be hereinafter described as being circumstantial evidence. Exception allowed."

The following instruction was requested by defendant:

"The court instructs the jury that the amount of whisky being less than one quart, it is incumbent upon the state to prove the intent to sell, barter, give away, transport, or otherwise violate the prohibitory liquor law beyond a reasonable doubt; that is to say, the mere finding of the liquor in the residence would not of itself be sufficient to warrant a verdict of guilty. (Refused. W. M. Thomas, County Judge.)"

Under our criminal procedure, the jury are bound to take the law from the court, and questions of fact are to be decided by the jury. The charge of the court must not invade the province of the jury, and should not extend beyond a plain statement of the law applicable to the case. Dissertation upon the nature of evidence should always be omitted.

Considering the evidence in this case, and the absence of evidence tending to show unlawful intent, the instruction objected to is in effect a comment upon the weight of the evidence. The law requires the court, not only to abstain from positive expression as to the weight of the evidence, but to avoid even the appearance of an intimation as to the facts, and to so guard the language of its charge to the jury, which is the law of the case, that no inference, however remote or obscure, may be drawn by the jury as

to the weight of the evidence. It follows that the exception to the instruction was well taken. It is our opinion also that the court erred in refusing to give the requested instruction.

From all the evidence in the case, carefully considered, we fail to find any competent testimony tending to show an intent to violate provisions of the prohibitory liquor act; the specific intent, being the gist of the offense, must be proved as charged. It follows that the court erred in denying the motion for a directed verdict of acquittal.

The judgment appealed from is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.