## PAT WHITFIELD v. STATE.

No. A-6833.   Opinion Filed Nov. 23, 1929.
Rehearing Denied Dec. 21, 1929.
(283 Pac. 266.)

Sigler & Jackson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county, upon a change of venue from Carter county, of the crime of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for a period of three years.

The evidence offered by the state was that J. M. Lanford, the complaining witness, was on the streets of

the city of Ardmore on his way, to his office, located in the Masonic building, when he was assaulted by the defendant, who struck him several blows. Lanford had some books, papers, and letters in his hands which he attempted to put in his pockets, but later dropped on the sidewalk and struck at the defendant. The defendant then started back and drew a pistol and made a motion as if to shoot Lanford, whereupon one Dunn, who was a deputy sheriff and sitting in a car near the scene of the difficulty, jumped out of the car and after some resistance took the pistol away from the defendant. The defendant then ran back to his car which Dunn had been sitting in and got another pistol which Dunn took away from him. In the meantime Lanford had gone around the car and placed the car between himself and the defendant. Dunn arrested the defendant and took him away from the scene of the difficulty. Immediately after this Cecil Crosby, another officer, at his request, searched Lanford and found no weapon upon him. The defendant contended that he only drew his pistol in self-defense when he thought Lanford was reaching for his automatic, and also claimed that he demanded that the officers search Lanford and take off of him an automatic, which defendant thought Lanford had on his person.

The defendant first contends that he could not be convicted on the testimony for any crime greater than that of simple assault. Section 1764, C. O. S. 1921, provides as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearms or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit

any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

In the case of Campbell v. State, 14 Okla. Cr. 319, 170 Pac. 915, in paragraph 1 of the syllabus, this court said:

"On an information based on section 2336, Rev. Laws 1910, charging the defendant with the offense of assault with intent to kill by shooting, he may properly be convicted of the offense defined by section 2344, of assault with a dangerous weapon with intent to injure any person, although without intent to kill such person, and the court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests."

The court properly instructed the jury that they might find the defendant guilty of an assault with intent to kill or of an assault with a dangerous weapon with intent to do bodily harm or of the offense of simple assault. The evidence in this case is sufficient to support the verdict of the jury, and there was no error in submitting the lower offense to the jury, as the offense for which he was found guilty is included in the offense charged in the information.

The defendant next complains that the court erred in instructing the jury upon the law of self-defense. Instruction No. 11 reads as follows:

"You are instructed if the defendant willingly engaged the prosecuting witness, J. M. Lanford, in a fist fight and provoked the difficulty and during the fight drew a loaded pistol for the purpose of protecting himself against the assaults of the witness Lanford, then under no circumstances would he be justified, even though the prosecuting witness may have during the course of the combat assaulted the defendant, because a person cannot unlaw-

fully provoke a difficulty when armed with a deadly weapon believing that such difficulty may end favorably and commit an assault with intent to kill upon his adversary during the progress of the fight, and then plead self-defense."

This court has repeatedly held that the law of self-defense is solely a law of necessity; that it does not imply the right of attack and could not avail the defendant if he were the aggressor or if the fatal difficulty was sought by him or provoked by him by a willful act of his own reasonably calculated to bring it about, or if he voluntarily or of his own free will entered into it, no matter how hard he was pressed or how great the danger became during the progress of the difficulty. Young v. State, 11 Okla. Cr. 22, 141 Pac. 285; Hawkins v. U. S., 3 Okla. Cr. 651, 108 Pac. 561; Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915; Larry v. State, 10 Okla. Cr. 340, 136 Pac. 596; Dodd v. State, 25 Okla. Cr. 263, 219 Pac. 952; Fanning v. State, 27 Okla. Cr. 27, 224 Pac. 359.

There is nothing in the evidence to indicate that the defendant withdrew or attempted to withdraw from the difficulty, but the evidence establishes the fact that after the first pistol had been taken from him he immediately procured a second one and started toward the complaining witness as if to continue the affray. The court in its instructions numbered 9, 10, and 11 fairly covered the defense of self-defense and the law applicable thereto, and these instructions as a whole were more favorable to the defendant than he was entitled to under the evidence in the case.

Finally the defendant complains that the court erred in permitting the jury to separate after the cause was finally submitted to the jury. Defendant's attorneys freely admit that at the time the jury separated they were

attorneys for defendant, and that they as attorneys and the defendant personally agreed with the court and with the county attorney that the jurors might separate for the night and begin their deliberation on the verdict the next morning. This question has been raised by an attorney for the defendant who was not in the case at the time of the trial. The question was raised for the first time in a supplemental motion for new trial.

This court has held: That the defendant may waive his constitutional right to trial by jury. Ex parte King, 42 Okla. Cr. 46, 274 Pac. 682. That a constitutional right may be waived, which is for the benefit of the accused, or, if it is in the nature of a privilege, this may be done either by express consent or implication, or by failure to claim and assert the right in seasonable time. White v. State, 23 Okla. Cr. 198, 214 Pac. 202.

The right to a preliminary examination is one which the defendant may waive. Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423. The defendant may waive his right to have a copy of the indictment or information and does so when he announces ready for trial without demanding a copy. Stouse v. State, 6 Okla. Cr. 415, 119 Pac. 271; Franklin v. State, 9 Okla. Cr. 178, 131 Pac. 183.

Defendant may also waive his constitutional right to have the names of the state's witnesses served upon him at least two days before the trial. Sutton v. State, 35 Okla. Cr. 263, 250 Pac. 930. A defendant in a criminal case may waive any right not inalienable given him either by the statute or the Constitution, where it can be relinquished without affecting the rights of others. Hill v. State, 9 Okla. Cr. 629, 132 Pac. 950.

The right to have the jury kept together is a right belonging both to the state and to the defendant, and,

where both the state and the defendant consent to the separation of the jury after the final submission of the cause and before the verdict is returned, the defendant waives his right to have the jury kept together and will not be heard to complain in this court that his rights were prejudiced by such separation. Where the jury are permitted to separate after the final submission of the case upon consent of the state and the defendant, prejudice will not be presumed in favor of the defendant, and the burden will be upon him to show that the jury during such separation was guilty of misconduct to his prejudice.

No misconduct of the jury having been shown during such separation, the court did not err in overruling defendant's supplemental motion for new trial.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J. (dissenting). In dissenting from the majority opinion of the court, I feel it is necessary to state briefly my reason for doing so. As shown by the majority opinion, the defendant was convicted of the crime of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for a term of three years.

The court of its own motion gave instruction No. 11, which is as follows:

"You are instructed if the defendant willingly engaged the prosecuting witness, J. M. Lanford, in a fist fight and provoked the difficulty and during the fight drew a loaded pistol for the purpose of protecting himself against the assaults of the witness Lanford, then under no circumstances would he be justified, even though the prosecuting witness may have during the course of the combat assault-

ed the defendant, because a person cannot unlawfully provoke a difficulty when armed with a deadly weapon believing that such difficulty may end favorably and commit an assault with intent to kill upon his adversary during the progress of the fight, and then plead self-defense."

It will be seen from the instruction given that the court did not tell the jury, if it believed from the evidence beyond a reasonable doubt the defendant willingly engaged in a fist fight with the prosecuting witness and provoked the difficulty, and then during the fight drew a loaded pistol for the purpose of protecting himself, then under such circumstances the defendant would not be justified in pleading self-defense. On the contrary, the court told the jury, if it believed the defendant willingly engaged the prosecuting witness in a fist fight and provoked the difficulty, under no circumstances would he be justified, even though the prosecuting witness had, during the course of the combat, assaulted the defendant.

I contend there are circumstances which may arise in a difficulty where the defendant provoking the difficulty would be entitled to plead self-defense. I cannot agree with the majority opinion that the instruction herein quoted did not prejudice the rights of the defendant, and I insist the court should have instructed the jury that, if it believed beyond a reasonable doubt that the defendant was the aggressor and brought on the difficulty and entered into a fist fight, and during the fight drew a loaded pistol, he would not be entitled to plead self-defense, unless they further find the defendant in good faith abandoned the contest and did by word or act make the fact known to his adversary, then, if the adversary continued the combat, such adversary would be the aggressor, and therefore the original aggressor would have the right of self-defense. Turnbull v. State, 8 Okla. Cr. 459, 128 Pac.

743; Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915; Fanning v. State, 27 Okla. Cr. 27, 224 Pac. 359.

In Larry v. State, 10 Okla. Cr. 340, 136 Pac. 596, in the second paragraph of the syllabus, this court said:

"While the killing is done in mutual combat, entered into willingly, and in the knowledge of its liability to cause death to one or the other of the combatants, the defendant cannot justify  * * *  that it was committed in self-defense, and it will be manslaughter at least unless the defendant can prove that before the fatal shot was fired he had refused any further combat and had retreated as far as he could with safety, and that he killed his adversary of necessity to save his own life or his person from great bodily harm."

I cannot concede that instruction No. 11, complained of by the defendant when taken in connection with the general instructions given by the court, was the proper instruction as applied to the facts in this case, or as a general instruction upon the question of the defendant's right to invoke the plea of self-defense. As disclosed by the record there is a controversy as to what took place between the prosecuting witness and the defendant; the testimony of the defendant tending to show that after he and the defendant had struck some blows they were separated, and the prosecuting witness made an effort to draw something from his pocket, the defendant then drew his gun to prevent himself from receiving great bodily harm or his life being taken.

There was a conflict in the testimony, and I contend that instruction No. 11, given by the court, did not correctly state the law as to the right of the defendant to avail himself of the plea of self-defense, and was so strongly worded by the court as to deprive the defendant of that fair and impartial trial guaranteed by the Constitution

and laws of the state of Oklahoma, and the Constitution of the United States.

I contend instruction No. 11, complained of by the defendant, in this case, did not correctly state the law applicable to the facts in this case and was calculated to mislead the jury, and was such an error as to entitle this defendant to a reversal.