EFFIE WATSON v. STATE.

No. A-6998.    Opinion Filed Jan. 25, 1930.
(287 Pac. 816.)

See, also, 38 Okla. Cr. 268, 260 Pac. 787.

Wells & Greer, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county on a charge of manslaughter in the first degree, and her punishment fixed at a term of four years' imprisonment in the state penitentiary.

The defendant and the deceased were negroes. The killing occurred on the public streets of Seminole, and was evidently caused by jealousy which the defendant felt toward was deceased because of the attentions of the husband of the defendant toward deceased. On the evening of the killing the defendant and deceased had attended a religious meeting of the Negro Holiness Church in the city of Seminole. At the conclusion of the services the deceased and some relatives and friends, who were with her, went

to the Simpson Cafe, which was on the north side of one of the main streets of Seminole.

The deceased and her stepbrother, Leo King, left the rest of the party at the Simpson Cafe, and went across to the south side of the street to the Oklahoma Cafe to get some chewing gum. King, testifying in the case, said that, as they were returning across the street to the Simpson Cafe, the defendant approached the deceased from the rear, and began to carve her with a knife, inflicting some 17 or 18 wounds in the back, face, neck, and arms. The deceased was taken to a doctor's office, where she died some forty minutes after the cutting from loss of blood. The theory of the state was that the crime was murder, the motive being jealousy. The defendant defended on two grounds, self-defense and emotional insanity.

The defendant contends, first, that the court erred in excluding material and competent evidence of the defendant's temporary insanity. In connection with this assignment of error, counsel for defendant incorporate in their brief several excerpts from the record relative to the examination of the defendant wherein it is disclosed that the trial court sustained some objections made by the state's counsel to the questions asked, to which ruling counsel for defendant excepted, but made no showing whatever as to what could be proved by the witness if she were permitted to answer the questions asked and excluded by the court. This court has repeatedly held that it is necessary that there be some showing as to what the testimony of the witness would have been had he or she been permitted to answer the question before error may be predicated on the trial court's action in sustaining objections to questions propounded. Price v. State, 1 Okla. Cr. 358, 98 Pac. 447; White v. State, 4 Okla. Cr. 143, 111 Pac. 1010; Stouse et al. v. State, 6 Okla. Cr. 415, 119 Pac. 271.

Failure to show what the evidence would have been had the answer been permitted prevents defendant from raising the question of the improper exclusion of evidence. Before this court can pass intelligently and safely upon a question of this kind, it would have to know just what the witness would have testified to. Furthermore, it appears from the record that counsel for defendant got before the jury all the evidence they had available on this question, since the defendant was permitted to testify about her trouble with deceased going with her husband and what deceased said about it, and was permitted to state that the effect of these conversations and these relations between deceased and her husband was that "it just worried me so that I got to talking to him about it." The contention of the defendant that she was injured by the failure of the court to permit her to answer the questions complained of is without merit.

The defendant next complains that the court erred in refusing to give defendant's requested instruction on temporary insanity. It is contended by the defendant that it is the duty of the court to instruct on any theory of the defense which the evidence tends reasonably to support, when requested to do so. As a principle of law, this statement is correct, but the difficulty about this case is that there is no competent evidence in the case tending to support a defense of insanity as such defense is defined by the statutes of this state. All the evidence of insanity is that of the defendant that her memory failed her during the heat of combat, and that the alleged relationship of deceased with her husband is that "it just worried me so that I got to talking to him about it," and further that on several occasions she had told the deceased to "leave her husband alone." If such evidence as this demands an instruction on the defense of insanity, then every killing

in the heat of passion would demand it. The trial court is only required to instruct on the theory of the case which the evidence reasonably supports. Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124; Smith et al. v. State, 22 Okla. Cr. 383, 212 Pac. 1012; Turner v. State, 43 Okla. Cr. 380, 279 Pac. 525.

The refusal to give the requested instruction on temporary insanity in this case, therefore, was not error, because there is no evidence in the record reasonably tending to support such theory.

The defendant next contends that the court erred in giving instruction No. 14, which reads as follows:

"Gentlemen of the Jury: In view of the argument which has been made the court instructs you as follows: Illicit relations between the deceased and the husband of the defendant, if such existed, would not warrant or justify the defendant in assaulting or taking the life of the deceased. No one in this state has the right to take the law into their own hands and take the life of another for vengeance only, for a real or fancied wrong."

Defendant admits that as an abstract proposition of law this instruction is correct, but it is argued that, because the trial court had already stated the law contained in this instruction, in instruction No. 8, it was prejudicial and argumentative for the court to emphasize the proposition after defendant's counsel had argued the case. It appears from the face of instruction No. 14 that it was given because of some argument made by defendant's counsel. It appears that counsel in his argument undertook to instruct the jury as to the law of the case instead of considering the jury bound by the court's charge. The jury is the sole arbiter of the facts, but must take the law as the court gives it to them. Section 2690, C. O. S. 1921;

Kent v. State, 8 Okla. Cr. 188, 126 Pac. 1040; Frazier v. State, 34 Okla. Cr. 375, 246 Pac. 652.

It appears that following the opening argument of the state that defendant's counsel said, "This woman was crazy." The court said, "I will not permit you to make that argument." Counsel for defendant said, "We have shown by the evidence that she was crazy and did not know what she was doing and the state had not shown that she was not crazy." Thereupon the court said in the presence of the jury, "The court refuses to instruct upon the question and it is not in this case." The court then gave the instruction complained of. Defendant contends that the argument which the court had with defendant's counsel in the presence of the jury and the giving of instruction No. 14 were prejudicial to the defendant. Under the circumstances in this case the court could not well maintain its self-respect and dignity by letting such conduct go on unnoticed and the jury be misled as to whether it should follow the law given by the court or that contended for by counsel in his argument. Since counsel did not except to a single instruction before they were given to the jury, they were in no position to criticize them in argument, and the trial court is to be commended rather than rebuked in trying to keep the jury from being misled in its duty.

This is a conviction in which a jealous negro woman cut the rival for her husband's affections 17 or 18 times, killing her, and yet got off with four years in the penitentiary. The evidence being sufficient to support the verdict of the jury and the defendant having had a fair trial, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.