## GERTRUDE DALTON v. STATE.

No. A.-7340.   Opinion Filed May 2, 1930.
Rehearing Denied June 5, 1930.
(288 Pac. 396.)

Sigler & Jackson, for plaintiff in error.

The Attorney General and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.    An information was filed in the district court of Comanche county charging plaintiff in error, Gertrude Dalton, hereinafter called defendant, with the murder of James Alesia.  Defendant was tried on said charge and convicted of manslaughter in the first degree, and her punishment assessed at eight years in the penitentiary.

The evidence of the state is: That the defendant was operating a rooming house in the city of Lawton.  That the deceased with other soldiers rented a room from her on the day of the homicide.  That they had been drinking.  That defendant went to her room in this rooming house and armed herself with a pistol and went down to an undertaking establishment near said rooming house to call the police.  That, after calling the police, seeing the deceased and three other soldiers passing the undertaking establishment, defendant stepped over and opened the door and beckoned to one of the soldiers, and, when he came up, she told him to get the boys away from there because she had called the police.  About this time deceased noticed defendant and cursed her and came toward where she was standing in the door.  As deceased came into the room cursing, Mr. Cameron, the proprietor of the undertaking establishment, stepped over to the deceased and asked him to go out and make no trouble.  At this time defendant took the pistol out of the pocket of her sweater, and, as Cameron and deceased started to move away and when they were at a distance of about nine feet from where defendant was standing, she fired the pistol, the ball penetrating the spinal column, and deceased fell on the sidewalk outside the door.  That as defendant came out through the door she paused to tell deceased that she would teach him to curse her.  Deceased was taken to a hospital, where the doctors operated, and

testified that the ball had gone in from the back and shattered the spinal column and practically severed the spinal cord, from which wound the deceased died about 20 days thereafter.

The defendant admitted the shooting, and testified that deceased came into the undertaking establishment and backed her around the room, cursing her and threatened to strike her, and that she believed he would strike her, and intended to injure her, and she fired to protect herself. This evidence of the defendant was brought out by her counsel only after leading questions were propounded to her.

Defendant complains, first, that the court erred in its instructions on the law of self-defense, and particularly that the court erred in giving instruction No. 9, which reads as follows:

"Mere words, no matter how approbrious or abusive, do not justify an assault with a deadly weapon. If you find from the evidence beyond a reasonable doubt that within this county and state on the 1st day of January, 1928, the defendant, Gertrude Dalton, did shoot James Alesia with a loaded pistol and thereby caused the death of the said James Alesia, and the defendant, Gertrude Dalton, was not acting in self-defense as herein explained to you, then you should find the defendant guilty of manslaughter in the first degree; otherwise you should find her not guilty."

It is claimed that this instruction places the burden upon the defendant of proving self-defense. The evidence of the state, supported by the physical facts in the case, makes out a clear case of murder. The evidence of the defendant, giving it the most favorable interpretation, showed the defendant to be guilty of manslaughter.

In the case of Hunter v. State, 7 Okla. Cr. 300, 123 Pac. 564, this court said:

"When, in the trial of a homicide case, instructions on the law of self-defense are given which are erroneous and prejudicial as abstract proprositions of law, a judgment of conviction will not be reversed, when the record clearly discloses that there is no element of self-defense involved."

See Paden v. State, 13 Okla. Cr. 585, 165 Pac. 1155.

In the case of Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915, in paragraph 3 of the syllabus, this court said:

"Where a defendant is upon trial for murder, and the evidence offered does not present self-defense as a legitimate deduction, it is error for the court to give any instruction at all upon the subject of self-defense; but, this being an error in favor of the defendant, he cannot complain thereat."

In the body of the opinion at page 626 of 9 Okla. Cr., 132 Pac. 915, 916, this court said:

"The only question presented in the brief of counsel for appellant is that the court erred in its instructions as to the law of self-defense. We think that the court did err in giving this instruction, because self-defense was not a possible legitimate deduction to be drawn from the evidence offered. Under these conditions, the court should not have instructed upon this issue at all, and any errors which the instructions may contain could not have possibly injured appellant. The error, if any, was in favor of, and not against, appellant. We think that the evidence offered makes out a case of murder, and that the jury in finding appellant guilty of manslaughter in the first degree were probably misled by the too favorable instruction toward appellant which was given by the court."

The instruction complained of probably placed upon the defendant the burden of proving self-defense, but, since

there was no evidence in the case justifying an instruction on the law of self-defense and since the evidence of the defendant shows her to be at least guilty of manslaughter, she could not have been prejudiced by the giving of the instruction complained of.

The defendant next complains that the court erred in overruling her demurrer to the evidence of the state. The evidence of the state establishes that the defendant killed the deceased without any necessity therefor and not in her necessary self-defense. The demurrer was therefore properly overruled. The defendant complains of other errors, but, the same not being fundamental, they do not require a reversal of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.