### E. S. MERCER v. STATE.

No. A-7381. Opinion Filed Oct. 11, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 896.)

170

John G. Harley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of the crime of assault with a dangerous weapon with intent to do bodily harm, and sentenced to serve a term of 30 days in the county jail.

But one proposition is involved in this appeal, to wit, the question of the sufficiency of the evidence to sustain the conviction.

Defendant in his brief says:

"The defendant, while not waiving any of the assignments of error set out herein, will content himself with the discussion of one proposition, viz.: That the verdict of the jury was not supported by the evidence; was contrary to law and was insufficient to support a judgment of conviction in this case."

The evidence of the state was that the defendant and one John Womack entered into a voluntary combat; that before this combat started defendant drew his knife from his pocket, and as soon as the combat started began to cut Womack with the knife and inflicted several wounds upon his body, from which wounds Womack was confined in the hospital for six weeks and was unable to be out for two months.

Under the law of self-defense, as outlined by this court in numerous cases, the defendant, having voluntarily and of his own free will entered into this difficulty, was not entitled to be acquitted on the ground of self-defense, no matter how hard pressed or how great his danger became during the progress of the difficulty. Reed v.

State, 2 Okla. Cr. 589, 103 Pac. 1042, 1043; Hawkins v. United States, 3 Okla. Cr. 665, 108 Pac. 561; Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915; Riley v. State, 40 Okla. Cr. 323, 268 Pac. 996; Odum v. State, 21 Okla. Cr. 87, 204 Pac. 1118.

While there is a conflict in the evidence, there is sufficient competent evidence in the record to support the verdict of the jury.

For the reason stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.