## HENRY YOUNG v. STATE.

No. A-7616. Opinion Filed Oct. 25, 1930.
(292 Pac. 867.)

444

E. E. Ammons, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of manslaughter in the first degree, and was sentenced to serve a term of 25 years in the state penitentiary.

The record discloses a state of facts about as follows: At the time charged, defendant attended a country dance at the home of one Martin Davis.   He was in an intoxicated condition and raised a disturbance.   Davis, who was dancing, went to where he was, talked with him, and an altercation arose in which Davis ordered defendant out of the house and struck him, and at the same time defendant stabbed Davis with a butcher knife, with which he was armed.   There is no material controversy as to the circumstances of the homicide.   Defendant testified that he went to the dance and soon after began drinking; that the whisky he drank appeared to have lye or some-

thing in it, and that he became so intoxicated or otherwise affected by the whisky that he had no recollection of the homicide; that he did not have the knife with which the killing was done and denied that he cut Davis.

The principal contention made is that the court erred in refusing defendant's requested instructions on the law of self-defense. Five requests, substantially correct, covering the law of self-defense were requested by defendant and refused by the court. The only evidence of a combat under which the question of self-defense could arise is that deceased struck defendant at the time he requested him to leave the house; that immediately thereafter he was cut by defendant. It is well settled that it is the duty of the trial court to instruct on the issue of self-defense when there is evidence reasonably tending to raise such issue. But is there any issue of self-defense in this case? The testimony of defendant is that he was so intoxicated that his act could not be murder. His testimony shows no belief of any danger to himself or that he acted in defense of his person at the time of the fatal difficulty. By his testimony, he elected to defend on the ground that he was so intoxicated he could not form the necessary intent to make the act of killing murder, and thus reduce it to manslaughter. Self-defense is not a possible legitimate deduction to be drawn from his evidence. This is not a new question; the following cases in principle support the rule. Moutry v. State, 9 Okla. Cr. 623, 132 Pac. 915; Sayers v. State, 10 Okla. Cr. 233, 135 Pac. 1073; Murray v. State, 10 Okla. Cr. 530, 139 Pac. 707; Newby v. State, 17 Okla. Cr. 291, 118 Pac. 124; Ussaery v. State, 22 Okla. Cr. 397, 212 Pac. 137; Smith et al. v. State, 22 Okla. Cr. 383, 212 Pac. 1012.

Complaint is also made that the court excluded testimony offered by defendant to show that deceased was

a turbulent character. The ruling of the court sustaining objections to questions asked was not followed by any offer of proof as to what the witness would testify. This must be done in order to properly present the question to this court. Sewell v. State, 38 Okla. Cr. 224, 260 Pac. 84; Dobbs v. State, 39 Okla. Cr. 368, 265 Pac. 661. But even if it were admitted that the witness would have testified deceased was a violent and dangerous man, such evidence would not have been material unless an issue of self-defense had been raised. No such issue having been presented, the exclusion of such testimony could not have been prejudicial in any event.

Upon the consideration of the entire record, we find no material error.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.