## PRISCILLA SMITH v. STATE.

No. A-7768. Opinion Filed April 11, 1931.
(297 Pac. 1060.)

Warren B. Phillips, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree, and her punishment fixed by the court at imprisonment for seven years in the state penitentiary.

The evidence of the state was that the defendant killed one John Seward, sometimes known as Joe Smith; that defendant and deceased, although not married, were living together; that on the day of the homicide deceased came home about noon; that defendant procured a revolver from some place near the bed and fired three shots at deceased, one shot taking effect in the head and producing death.

Defendant claims that she took the revolver from deceased, and, while they were scuffling over it, it was accidentally discharged and deceased was killed.   Defendant also contended she was insane at the time the homicide was committed.

According to the evidence of the state, it was a simple case of murder.   According to the evidence of the defendant, it was an accident.   The jury saw the witnesses and heard them testify and were in proper position to judge of their credibility and the weight to be given their evidence.   They evidently believed the testimony of the state's witnesses and were fully justified in the verdict they returned.

Defendant first contends that the court erred in failing and refusing to instruct on the question of self-defense.

In Smith v. State, 22 Okla. Cr. 383, 212 Pac. 1012, this court held:

"When there is no evidence of self-defense it is not error to refuse to instruct on self-defense." See, also, Reed v. State, 2 Okla. Cr. 589, 103 Pac. 1042.

In Roberts v. State, 36 Okla. Cr. 28, 251 Pac. 612, this court said:

"Upon the state of facts shown, where the defendant claims the homicide was accidental, an instruction upon the right of self-defense is unnecessary."

Defendant next contends that the court erred in telling the jury that he admitted the testimony of alleged acts of violence toward the defendant by deceased, and that said evidence might be considered by the jury in determining whether or not defendant would be guilty of murder or manslaughter, and for no other purpose.

An examination of the record discloses that the court said:

"I let in all the evidence about his having made assaults upon her, or threatened to do so, and I left that in for the reason that in the event the jury found the defendant guilty they would have the right to consider all of this evidence in mitigation of punishment, and that is the only purpose for which the evidence was admitted."

It appears from this record that the court did not tell the jury that the evidence was admitted for the purpose of determining the guilt or innocence of the defendant of murder or manslaughter, but in mitigation of punishment.

Errors complained of which are not supported by the record will not be considered by this court on appeal.

We have not overlooked other errors complained of by the defendant, but an examination of the record discloses that they are without any substantial merit.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being insufficient to require a reversal of the case, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.