### E. K. JONES v. STATE.

No. A-8365. Aug. 16, 1932.
(13 Pac. [2d] 872.)

Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

At the time charged, officers with a search warrant searched the place of business of defendant, a barber shop, and found three pints and two half pints of whisky. Defendant offered proof of good reputation, and testified that the whisky found was for his own use.

The principal contention made is that the court erred in his instruction 10, which attempts to define "reasonable doubt," and which uses the words often condemned, as "* * * a doubt founded in reason, a doubt for which you can give a reason. * * *"" This court has a number of times considered instructions in similar language. The holdings may be summarized thus: Where the evidence of guilt is conclusive and an honest jury could not arrive at any other verdict than that of guilt, such an instruction, while erroneous, is not sufficient ground for reversal, but, where a case is close, and such erroneous instruction may have influenced the verdict, the case should be reversed. In one case it was said:

"We do not think that the term 'reasonable doubt' is of such unknown, uncertain, or uncommon signification that a definition by the court in its charge to the jury is called for. Language that is within the comprehension of persons of ordinary intelligence can seldom be made plainer by further definition. It has been said that, 'the expression itself seems to comprehend the whole subject-matter, "reasonable doubt," and that the phrase is its own

best definition, and any attempt to define the phrase is likely to leave in the minds of the jury, "a reasonable doubt as to what a reasonable doubt is." ' Jurors are presumed to have common sense, and to understand common English, and all persons who possess the qualifications of jurors know that a 'doubt' of the guilt of the defendant, honestly entertained, is a reasonable doubt. * * *''

The following cases are enlightening: Gragg v. State, 3 Okla. Cr. 409, 106 Pac. 350; Nelson v. State, 5 Okla. Cr. 368, 114 Pac. 1124; Morgan v. State, 7 Okla. Cr. 45, 121 Pac. 1088; Harris v. State, 10 Okla. Cr. 417, 137 Pac. 365, 139 Pac. 846; Gransden v. State, 12 Okla. Cr. 417, 158 Pac. 157; Mayfield v. State, 17 Okla. Cr. 503, 190 Pac. 276; Soper v. State, 22 Okla. Cr. 27, 208 Pac. 1044. See, also, Pettine v. New Mexico (C. C. A.) 201 F. 489; Siberry v. State, 133 Ind. 677, 33 N. E. 681.

Possession without intent to sell, etc., is not a crime. Williams v. State, 34 Okla. Cr. 1, 244 Pac. 202; Russell v. State, 34 Okla. Cr. 259, 246 Pac. 489; Frazier v. State, 34 Okla. Cr. 375, 246 Pac. 652.

The guilt of defendant in this case, therefore, rests solely upon the presumption arising from the amount of whisky found; same being in excess of one quart. Section 2626, Okla. St. 1931. The erroneous instruction in this case may well have influenced the jury. Instructions attempting to define a reasonable doubt should not be given. Wise v. State, 34 Okla. Cr. 284, 246 Pac. 656.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.